# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3580

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Stoner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 12, 2015
Filed: August 3, 2015

_____

Before GRUENDER, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Christopher L. Stoner argues that the district court[1] abused its discretion by imposing a substantively unreasonable 108-month sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

Undercover police pulled into a driveway while Stoner was loading his car with stolen goods during a residential burglary. Stoner leapt into his car, shoved it in reverse, and accelerated backward, ramming the unmarked police car as an officer tried to get out. He hit the car so hard his car partly jumped onto the hood of the police car. Accelerating forward, he hit the garage door and the house. Stoner resisted arrest, but was quickly subdued. In a later search of Stoner's bedroom, detectives discovered twenty 9mm rounds and nine .45 caliber rounds of ammunition.

Stoner pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Presentence Investigation Report calculated his total offense level as 17, his criminal history as category IV, making the guideline range of 37-46 months. The maximum sentence was 120 months. The district court sentenced Stoner to 108 months.

Stoner asserts no procedural errors. *See **Gall v. United States***, 552 U.S. 38, 51 (2007) (reviewing a sentence, the court "must first ensure that the district court committed no significant procedural error"). This court must "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." ***Id.*** An abuse of discretion is (1) failing to consider a relevant factor that should have received significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) considering only the appropriate factors but in weighing them, committing a clear error of judgment. ***United States v. Williams***, 624 F.3d 889, 896-97 (8th Cir. 2010).

After hearing both parties, the judge must consider the § 3553(a) factors. ***Gall***, 552 U.S. at 50-51. These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need to promote respect for the law and protect the public, the sentencing range, and the need to avoid unwarranted sentence disparities. *See* **18 U.S.C. § 3553(a)**. A court must explain an

-2-

unusually lenient (or unusually harsh) sentence "with sufficient justifications," but an appellate court may not require "extraordinary circumstances to justify a sentence outside the Guidelines range." *Gall*, 552 U.S. at 46-47. The appellate court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 51. "[T]hat the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.*

Stoner contends that the district court made a clear error of judgment in weighing the § 3553(a) factors. Stoner had eight prior felonies and five misdemeanor convictions, spanning three decades, most involving stealing, burglary, or tampering. The district court discussed the § 3553(a) factors, stating "there's a good reason why we don't want eight time convicted felons to have guns or ammunition. Bad things follow." It continued, "you're just stealing everything – anything you want." At least four times, Stoner either fled from police or lied to them, showing a pattern of evasion and dishonesty. The district court found that this criminal history showed a lack of respect for the law. The court also noted that the officers or other citizens could have been seriously injured when Stoner rammed the police car. The court emphasized the need to protect the public from a pattern of behavior likely to continue. Acknowledging the lower guideline range, the court chose an upward variance, based on Stoner's "well established criminal history" and the "need to protect the public."

Stoner stresses that the sentencing guidelines already consider these factors. Yet "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012). The district court did not ignore the guidelines or Stoner's acceptance of responsibility. It decided that in this case the guidelines did not accurately reflect Stoner's history and conduct.

Stoner contends that this variance causes unwarranted sentence disparities because similar defendants will not receive similar variances. *But see, e.g., **United States v. Griffin***, 418 Fed. Appx. 574, 574-75 (8th Cir. 2011) (66 month upward variance from a 63-78 month guideline range with 4 criminal history points). The question is not whether Stoner's sentence is consistent with any other sentence. The question is whether the judge abused his discretion in giving this particular defendant a 108-month sentence. The Supreme Court "specifically rejected using the percentage of a departure or variance as the standard for determining the strength of the justifications required for a specific sentence." ***David***, 682 F.3d at 1077. While unwarranted disparity is one factor the district court considers, it is not the only factor; the sentencing guidelines are a starting point, not the ending point. *See **Gall***, 552 U.S. at 49 ("Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however."). "[S]ubstantive appellate review in sentencing cases is narrow and deferential." ***United States v. Feemster***, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). Sentencing courts have a "special competence" to make "defendant-specific determinations." ***Id.*** *quoting **United States v. Gardellini***, 545 F.3d 1089, 1095 (D.C. Cir. 2008). *See **Rita v. United States***, 551 U.S. 338, 357-58 (2007) ("The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court."). The district court did not abuse its discretion in exercising its special competence here.

Stoner further objects that the district court punished him for challenging the facts of his arrest, thus relying on an improper factor. At sentencing, Stoner claimed the police rammed his car. Two police officers testified to the contrary. Finding them credible, the district court called Stoner's claim "frivolous," a "waste of time," and "ridiculous." In fact, the district court questioned (but did not deny) Stoner's acceptance-of-responsibility. The court mentioned the claim later when balancing it against Stoner's honesty and willingness to take responsibility. *See **18 U.S.C. § 3661**

("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence."). The district court certainly did not give "significant weight to an improper or irrelevant factor." *See Williams*, 624 F.3d at 896.

The sentence is not substantively unreasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____