# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-3582

_____

United States of America

*Plaintiff - Appellee*

v.

Carlos Roman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 28, 2018
Filed: March 7, 2019

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

SMITH, Chief Judge.

Carlos Roman challenges his Sentencing Guidelines classification as a career offender. *See* U.S.S.G. § 4B1.1. Specifically, Roman argues that his conviction for aggravated battery on a public way in Illinois is not a crime of violence. *See id.* § 4B1.2(a). We disagree and affirm.

## I. *Background*

Roman pleaded guilty to conspiracy to distribute methamphetamine. Roman's presentence investigation report (PSR) classified him as a career offender.[1] At sentencing, Roman opposed the career offender classification, arguing that his 2012 Illinois conviction for aggravated battery on a public way[2] is not a crime of violence. The district court[3] disagreed, accepted the PSR's recommendation, and sentenced Roman as a career offender. The court ultimately imposed a sentence of 220 months' imprisonment.

## II. *Discussion*

On appeal, Roman asks this court to reverse the imposition of the career offender enhancement. He argues that his Illinois conviction for aggravated battery on a public way is not a crime of violence. "We review de novo the district court's

---

[1]The PSR calculated a total offense level of 34. Roman had a total criminal history score of 15, which established a criminal history category of VI. *See* U.S.S.G. Ch. 5 Pt. A (sentencing table). His career offender status also resulted in a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b). The PSR calculated a Guidelines range of 262 to 327 months' imprisonment.

[2]720 Ill. Comp. Stat. § 5/12-3.05(c).

[3]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

determination that a conviction constitutes a crime of violence." *United States v. Williams*, 899 F.3d 659, 662 (8th Cir. 2018).

The Guidelines state that "[a] defendant is a career offender" subject to an offense level enhancement

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

A "crime of violence" under the Guidelines' force clause is "any offense under federal or state law punishable by imprisonment for more than one year that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"[4] *United States v. Harris*, 907 F.3d 1095, 1095 (8th Cir. 2018) (per curiam) (quoting U.S.S.G. § 4B1.2(a)(1)). Roman avers that his 2012 conviction in Illinois for aggravated battery on a public way is not a crime of violence because physical or bodily injury can be caused "without using violent force" under the statute. Appellant's Br. at 16.

To determine whether Roman's Illinois conviction for aggravated battery on a public way "has as an element the use, attempted use, or threatened use of physical force," U.S.S.G. § 4B1.2(a)(1), we apply "the categorical approach." *United States*

---

[4]A second clause sets forth several enumerated offenses that are also crimes of violence. U.S.S.G. § 4B1.2(a)(2). Aggravated battery is not one of these enumerated crimes, nor is that argument made here.

*v. Schneider*, 905 F.3d 1088, 1090 (8th Cir. 2018) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)). The categorical approach "analyze[s] the legal definition of [Roman's] crime, not his actual acts." *Id*.; *see also Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) ("Under this approach we look 'not to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)). "[W]hen the statute creates a single crime by listing a single set of elements," "[w]e examine those elements and ask whether only conduct involving physical force can satisfy them." *Schneider*, 905 F.3d at 1090. If we answer yes, then "the defendant's crime has a physical-force element." *Id*. If we answer no, then the crime does not have a physical-force element. *Id*.

But some statutes, "often referred to as 'divisible' statutes, have a more complicated structure." *Id*. (quoting *Mathis*, 136 S. Ct. at 2249). These statutes "define multiple crimes by listing more than one set of elements." *Id*. In analyzing a divisible statute, we apply "the modified categorical approach." *Id*. at 1091 (quoting *Mathis*, 136 S. Ct. at 2249). "[W]e first identify the offense of conviction among the possible alternatives." *Id*. at 1090. Then, "[w]e narrow down the possibilities using a limited set of documents, known as *Shepard* documents." *Id*. (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005) (identifying these documents as "the charging document, the terms of a plea agreement or transcript of [the plea] colloquy . . . , or . . . some comparable judicial record")). After we identify the crime, our next task is to "ascertain its elements and then, as before, ask whether only conduct involving physical force can satisfy them." *Id*. at 1091. If we answer yes, then "the defendant's crime has a physical-force element." *Id*.

Here, Illinois's aggravated battery statute provides, in relevant part:

Offense based on location of conduct. A person commits aggravated battery when, in committing a battery, other than by the discharge of a

firearm, he or she is or the person battered is on or about a public way, public property, a public place of accommodation or amusement, a sports venue, or a domestic violence shelter.

720 Ill. Comp. Stat. § 5/12-3.05(c).

To be guilty of aggravated battery on a public way, Roman must have necessarily committed a simple battery. *United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017) (analyzing whether prior codification of Illinois's aggravated battery statute constitutes a crime of violence). A person commits simple battery in Illinois when he "knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 Ill. Comp. Stat. § 5/12-3(a). Simple battery in Illinois is a divisible statute with varying levels of offense conduct. *Lynn*, 851 F.3d at 797 (concluding because "there is more than one way of committing [simple] battery," the statute is divisible). The first definition of the simple battery statute, "which requires that the person 'causes bodily harm,' has as an element 'the use, attempted use, or threatened use of force.'" *Id.* (quoting *Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012)). By contrast, the second definition of the simple battery statute—"physical contact of an insulting or provoking nature"—does not contain such a force element. *Id.*

Roman argues that his conviction was predicated on finding that he violated the second definition of the simple battery statute—making insulting or provocative contact. But Roman pleaded guilty to Count 2 of the information, which alleged that Roman "knowingly caused bodily harm" by "str[iking the victim] in the head with his hands." Information at 2, Case No. 3:17-cr-00019 (S.D. Iowa Jan. 4, 2018), ECF No. 67. The "caused bodily harm" language to which Roman pleaded guilty tracks the first definition of Illinois's simple battery statute. *See Lynn*, 851 F.3d at 799. Because Roman's "conviction[] for aggravated battery involved the first [definition] ('causing

bodily harm'),'" it satisfies the force clause. *Id*. Therefore we find that Roman's aggravated battery conviction constitutes a crime of violence.

Our conclusion here is consistent with how we have treated similar statutes from other states. *See, e.g.*, *United States v. Eason*, 907 F.3d 554, 558–59 (8th Cir. 2018) (holding that first-degree battery conviction in violation of Ark. Code Ann. § 5-13-201(a)(8) for "purposefully causing physical injury to a person with a firearm" qualified as a crime of violence); *United States v. Winston*, 845 F.3d 876 (8th Cir. 2017) (holding that second-degree battery conviction in violation of Ark. Code Ann. § 5-13-202(a)(2) for purposely causing physical injury to a person by means of a deadly weapon other than a firearm was a violent felony under the Armed Career Criminal Act's force clause); *United States v. Rice*, 813 F.3d 704, 705–06 (8th Cir. 2016) (holding that subsection (a)(4) of the Arkansas second-degree battery statute, which provided that a person commits second-degree battery if the person "intentionally or knowingly, without legal justification, causes physical injury to one he knows to be" a member of certain enumerated groups, was a crime of violence (quoting Ark. Code. Ann. § 5-13-202 (2006))); *United States v. Vinton*, 631 F.3d 476, 485 (8th Cir. 2011) (holding that subdivision (2) of Missouri's second-degree assault statute, which required that a person "knowingly cause[] physical injury to another person by means of a deadly weapon or dangerous instrument," was a crime of violence (quoting Mo. Rev. Stat. § 565.060.1(2))).

### III. *Conclusion*

Roman's 2012 Illinois aggravated battery conviction constitutes a crime of violence. Therefore, the district court correctly calculated Roman's offense level and Guidelines range. The district court's judgment is affirmed.

_____