# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-3697

_____

United States of America

*Plaintiff - Appellee*

v.

Fidel Rios, Jr., also known as Lito

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 17, 2019
Filed: August 14, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

After supplying significant amounts of methamphetamine to a drug trafficking operation in Des Moines, Fidel Rios, Jr. pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846, and 851. Rios conceded at sentencing that the applicable range for his crime under the

U.S. Sentencing Guidelines was 360 months to life in prison. The district court[1] granted a fifty-four month downward variance from the bottom of this range, resulting in a sentence of 306 months. Rios appeals, claiming his sentence is substantively unreasonable because the district court should have varied downward even more. We affirm the district court.

We review the substantive reasonableness of a sentence under an abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). An abuse of discretion occurs where a court "(1) fail[s] to consider a relevant factor that should have received significant weight; (2) giv[es] significant weight to an improper or irrelevant factor; or (3) consider[s] only the appropriate factors but in weighing them, commit[s] a clear error of judgment." United States v. Stoner, 795 F.3d 883, 884 (8th Cir. 2015).

Rios first argues that the district court abused its discretion by giving insufficient weight to the flaws in the Guidelines' treatment of methamphetamine offenders. At Rios's sentencing hearing, the district court made special mention of its belief that the Guidelines are generally too strict in this context. Sent. Tr. at 17-18. Yet it also went on to note "that this is a harder argument to make" for Rios because he was "a leader" in the organization and "had so much methamphetamine above and beyond even the highest base offense level . . . ." Id. at 17. The court further explained: "You're not the person with 50 grams of meth and one prior. You're the guy with hundreds of pounds of very pure meth and one prior, and you were still on supervised release at the time you rounded up all these people and got back into drug trafficking." Id. at 18.

---

[1] The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

District courts are not required to vary downward for methamphetamine offenders. See United States v. Sharkey, 895 F.3d 1077, 1082 (8th Cir. 2009) (holding that a district court did not abuse its discretion in declining to vary downward from the Guidelines' in the methamphetamine context). And Rios's claim is particularly unconvincing, where his sentence is already fifty-four months below the advisory guidelines range. See United States v. Merrell, 842 F.3d 577, 585 (8th Cir. 2016) ("[W]hen a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further") (quotation omitted). Add to this Rios's leadership role in the conspiracy and the significant amount of drugs he trafficked, and we conclude that Rios's sentence is not substantively unreasonable.

Rios next argues that the district court abused its discretion by failing to properly weigh his difficult upbringing and ongoing family responsibilities. We disagree. At sentencing, Rios's counsel advanced much the same mitigation case he makes on appeal: his father's absence had a negative impact on his life, he was adversely influenced by family members in the drug business, and a long prison sentence will continue this cycle and harm his young children. Sent. Tr. at 9-14. The district court indicated that it considered these arguments, see id. at 15, but decided that they were outweighed by such factors as Rios's leadership role, the late date of his guilty plea, and the quantity of drugs involved. Id. at 18. "Where a district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." (cleaned up). United States v. Meadows, 866 F.3d 913, 920 (8th Cir. 2017).

We affirm.

_____