# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1506
_____

United States of America

*Plaintiff - Appellee*

v.

Zacharia Allen Clark

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: January 11, 2021
Filed: June 21, 2021
_____

Before LOKEN, GRASZ, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

Zacharia Clark pleaded guilty to one count of being a felon in unlawful possession of ammunition. His extensive criminal history includes one felony conviction for aggravated battery of a peace officer in violation of 720 Ill. Comp. Stat. § 5/12-3.05(d)(4) and two separate felony convictions for causing willful injury in violation of Iowa Code § 708.4(2). At sentencing, Clark argued these offenses do not qualify as violent felony convictions under the Armed Career Criminal Act's

(ACCA) "force clause," 18 U.S.C. § 924(e)(2)(B)(i).  The district court[1] disagreed and imposed a 200 month sentence. Clark appeals. Reviewing *de novo* whether these prior convictions are ACCA predicates, we affirm.  Boaz v. United States, 884 F.3d 808, 809 (8th Cir.), cert. denied, 138 S. Ct. 2695 (2018) (standard of review).

"Under the ACCA's force clause, a crime is a violent felony if it is 'punishable by imprisonment for a term exceeding one year' and 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" Id. at 809, quoting 18 U.S.C. § 924(e)(2)(B)(i).  "Physical force means violent force -- that is, force capable of causing physical pain or injury to another person." Id. (citation omitted).  In determining whether a prior conviction qualifies as a "violent felony" under the ACCA:

> [C]ourts use a categorical approach that looks to the fact of conviction and the statutory elements of the prior offense.  In cases where a [divisible] statute describes alternate ways of committing a crime -- only some of which satisfy the definition of a violent felony -- courts may use a modified categorical approach and examine a limited set of documents to determine whether a defendant was necessarily convicted of a violent felony.  These materials include charging documents, jury instructions, plea agreements, transcripts of plea colloquies, or "some comparable judicial record."

Martin v. United States, 904 F.3d 594, 596 (8th Cir. 2018), quoting Headbird v. United States, 813 F.3d 1092, 1095-96 (8th Cir. 2016).

The modified categorical approach permits us to examine this limited set of documents, known as Shepard documents, to determine which portion of a divisible statute was the basis for the prior conviction.  Mathis v. United States, 136 S. Ct.

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

2243, 2249 (2016) (citation omitted); see United States v. Roman, 917 F.3d 1043, 1046 (8th Cir. 2019). After identifying the relevant statutory provision from these documents, we look to the elements of that offense using the standard categorical approach. Id.

1. Illinois Aggravated Battery Conviction. In September 2011, a five-count Information filed in Illinois state court charged Clark with committing two counts of Aggravated Battery, a class 2 felony, in violation of 720 Ill. Comp. Stat. § 5/12-3.05(d)(4). As relevant here, that subsection provided:

> (d) Offense based on status of victim. A person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he or she knows the individual battered to be . . . (4) [a] peace officer . . . (i) performing his or her official duties; (ii) battered to prevent performance of his or her official duties; or (iii) battered in retaliation for performing his or her official duties.

Clark pleaded guilty to these offenses in December 2011. He was sentenced to three years imprisonment in February 2012. On appeal, Clark argues the district court erred in concluding this was a violent felony conviction under the ACCA's force clause. Applying the modified categorical approach, we disagree.

In United States v. Roman, we reviewed a conviction under the immediately preceding subsection of the aggravated battery statute, 720 Ill. Comp. Stat. § 5/12-3.05(c), which governs an offense "based on location of conduct." Following the Seventh Circuit's lead, we noted that the statute applies "in committing a battery," and that simple battery is defined in a divisible Illinois statute as either "caus[ing] bodily harm" or "physical contact of an insulting or provoking nature." 917 F.3d at 1046, citing United States v. Lynn, 851 F.3d 786, 797 (7th Cir. 2017). Like the Seventh Circuit in Lynn, we held that a conviction for aggravated battery falling under the first alternative contains a force element and is therefore a crime of violence

under the career offender provision of the Sentencing Guidelines, USSG § 4B1.2(a)(1). Id. at 1047. We treat the terms "violent felony" under the ACCA and "crime of violence" under the Guidelines as interchangeable. See, e.g., United States v. Hataway, 933 F.3d 940, 942 n.2 (8th Cir. 2019) (citation omitted).

We held in Roman that a conviction for aggravated battery in violation of subsection 3.05(c) of the aggravated battery statute is a "crime of violence" under the Guidelines if it was based on the "causes bodily harm" alternative element of Illinois simple battery. 917 F.3d at 1047. Clark was convicted of violating subsection 3.05(d)(4) which, like subsection 3.05(c), applies only to acts committed "in committing a battery." Therefore, consistent with Roman, which is controlling precedent, we hold that a conviction for aggravated battery of a peace officer in violation of subsection 3.05(d)(4) is an ACCA violent felony if it was based on the "causes bodily harm" alternative element of Illinois simple battery.

Clark's Presentence Investigation Report noted that his 2012 Illinois conviction was for two counts of aggravated battery of a peace officer in violation of subsection 3.05(d)(4). When Clark objected that this was not a violent felony, the government had the burden to prove at sentencing that it was. United States v. Forrest, 611 F.3d 908, 913 (8th Cir.), cert. denied, 562 U.S. 1053 (2010). To meet its burden, the government submitted copies of the "Information" charging Clark with the aggravated battery offenses and the state court judgment of conviction. The Information charged Clark in Count Two with violating § 3.05(d)(4), alleging that he "committed the offense of aggravated battery [because] in committing a battery . . . [he] knowingly . . . *caused bodily harm* to [a peace officer]." (Emphasis added). This language "satisfied the ACCA force clause" because it "precisely tracked the language of" the "causes bodily harm" alternative. Hataway, 933 F.3d at 944-45. By contrast, Count Three charged that Clark "made physical contact of an insulting nature" with a peace officer, the alternative form of Illinois simple battery that does

-4-

not include the requisite element of physical force. Roman, 917 F.3d at 1046. The judgment of conviction confirmed that Clark was convicted of Count Two and Count Three. The government argued that Count Two, but not Count Three, was an ACCA violent felony conviction. The district court agreed.

On appeal, Clark first argues that the district court erred when it relied on impermissible documents in concluding that "causes bodily harm" was the simple battery alternative basis for his Count 2 conviction because the Information was "signed by a law enforcement officer" and is therefore "the kind of document Shepard indicated was improper." We disagree. Under Illinois law, the Information served as the state's official charging document. See United States v. Hamilton, 950 F.3d 567, 570 (8th Cir. 2020), citing 725 Ill. Comp. Stat. § 5/111-2. The Supreme Court in Shepard v. United States expressly held that the limited set of documents a court may review in determining whether a defendant pleaded guilty to a violent felony offense includes "the charging document." 544 U.S. 13, 26 (2005). The Illinois state court judgment of conviction is likewise an official "judicial record." Id. Clark further argues that, even if the government established he was convicted under the "causes bodily harm" alternative, that language does not necessarily require violent force. This contention is foreclosed by our prior decisions in Roman and in United States v. Rice, 813 F.3d 704, 706 (8th Cir.), cert. denied, 137 S. Ct. 59 (2016). Clark asks us to overrule Rice but as a panel we may not do so.

We conclude the district court did not err in relying on the proffered Shepard documents to conclude that Clark's Illinois conviction for aggravated battery of a peace officer was based on the "causes bodily harm" alternative and was therefore a violent felony conviction under the ACCA's force clause.

2. Iowa Willful Injury Convictions. Clark also argues his two prior Class D felony convictions for violating Iowa's willful injury statute, Iowa Code § 708.4(2),

are not ACCA violent felonies because the offense: (i) does not require the use of violent force, (ii) potentially applies to purely mental injuries, and (iii) includes a failure to act. The statute provides: "Any person who does an act which is not justified and which is intended to cause serious injury to another commits willful injury, which is punishable as . . . [a] Class 'D' felony, if the person *causes bodily injury* to another." (Emphasis added.) Citing several Iowa appellate court decisions, Clark contends that causing bodily injury does not require violent force because "the bar for what constitutes 'bodily injury' under Iowa law is low."

In United States v. Spratt, 735 Fed. App'x 219 (8th Cir. 2018), we considered whether a § 708.4(2) conviction was a "crime of violence" under the Guidelines, a term that is interchangeable with the ACCA's "violent felony." We concluded that § 708.4(2) "has as an element the use of physical force" because Iowa law defines "bodily injury" as "physical pain, illness or any impairment of physical condition." Id. at 220, citing Iowa v. McKee, 312 N.W.2d 907, 913 (Iowa 1981). Although Spratt, an unpublished decision, is not controlling precedent, we agree with its reasoning. Moreover, Spratt's conclusion was reinforced by a recent published decision holding that a § 708.4(2) conviction is a crime of violence under 18 U.S.C. § 16(a) -- a statute with language nearly identical to the ACCA's force clause. Jima v. Barr, 942 F.3d 468, 472 (8th Cir. 2019); see also United States v. Scott, 818 F.3d 424, 435 (8th Cir. 2016) (interpreting similar Missouri statute); United States v. Rice, 813 F.3d at 705-06 (interpreting similar Arkansas statute).

Undeterred by Spratt and Jima, Clark argues that Iowa's willful injury statute does not require violent force because § 708.4 requires that a person intend to cause "serious injury" and the Iowa Supreme Court has held that "serious injury" includes disabling mental illness without regards to physical injury. See Iowa v. White, 668 N.W.2d 850, 857 (Iowa 2003), citing Iowa Code § 702.18(1)(a). But that argument is beside the point in this case. Both of Clark's willful injury convictions were Class

D felony violations of § 708.4(2), which requires that a person actually "causes bodily injury to another." Iowa defines *bodily* injury as "*physical* pain, illness or any impairment of *physical* condition." McKee, 312 N.W.2d at 913 (emphasis added). Thus, Clark was convicted of offenses requiring violent, physical force as an element.

Clark further argues that Iowa's willful injury statute does not necessarily require an act of violent force because Iowa Code § 702.2 defines an "act" to include "a failure to do any act which the law requires one to perform." But Spratt explicitly rejected this argument. See 735 Fed. App'x at 220. Citing our rejection of a similar argument in United States v. Peeples, 879 F.3d 282, 286-87 (8th Cir.), cert. denied, 138 S. Ct. 2640 (2018), which itself relied on Rice and United States v. Castleman, 134 S. Ct. 1405 (2014), we concluded that a Class D felony violation of § 708.4(2) includes violent force as an element because, to commit the offense, a defendant must actually cause bodily injury to another person. Moreover, in Jima we held -- in spite of appellant in that case making the same "failure-to-act" argument Clark advances here -- that "[o]ne cannot cause bodily injury to another without using the force capable of producing that injury." 942 F.3d at 472. Though reasonable judges have disagreed, see Rice, 813 F.3d at 707-08 (Kelly, J., dissenting) (collecting cases), our precedent forecloses Clark's argument.

For these reasons, we conclude the district court correctly concluded that Clark's three prior felony convictions are ACCA violent felonies and properly determined his advisory guidelines sentencing range under the ACCA. We therefore affirm the judgment of the district court.

_____