# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2022

_____

United States of America,

*Plaintiff - Appellee*,

v.

Marion Joseph Hare,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 14, 2022
Filed: August 9, 2022
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Marion Hare pleaded guilty to a drug trafficking offense and a firearms violation. The district court[*] calculated an advisory guideline range of 100 to 125

_____

[*]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

months' imprisonment, and varied downward to impose a sentence of 94 months. Hare raises two procedural challenges to his sentence, but we see no error, and therefore affirm.

In February 2020, an undercover officer purchased 4.03 grams of methamphetamine from Hare. In a subsequent search of Hare's bedroom, officers found two digital scales, a box of plastic sandwich bags, and ammunition. Inside a backpack in the room, officers recovered a loaded Ruger .380 pistol with an obliterated serial number.

Hare pleaded guilty to unlawful possession of a firearm as a previously convicted felon, 18 U.S.C. § 922(g)(1), and distribution of methamphetamine, 21 U.S.C. § 841(a)(1). At sentencing, the district court determined a base offense level of 20 under the sentencing guidelines. This determination was based in part on the court's conclusion that Hare's prior conviction in Iowa for willful injury causing bodily injury was a crime of violence under the sentencing guidelines. *See* Iowa Code § 708.4(2); USSG § 2K2.1(a)(4)(A). The court applied a four-level increase for possession of a firearm in connection with another felony offense, because it found that Hare possessed the Ruger .380 in connection with drug trafficking. *See id.* § 2K2.1(b)(6)(B). After calculating an advisory guideline range of 100 to 125 months' imprisonment, the court varied downward and imposed sentence of 94 months' imprisonment on each count to run concurrently.

Hare first argues that his prior conviction for willful injury causing "bodily injury" under Iowa Code § 708.4(2) is not a crime of violence under the guidelines. The Iowa statute states: "Any person who does an act which is not justified and which is intended to cause serious injury to another commits willful injury . . . if the person causes bodily injury to another." Iowa Code § 708.4(2). Hare contends that this offense does not qualify as a crime of violence, because it does not have "as an

element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1).

Shortly after Hare was sentenced, this court held in *United States v. Clark*, 1 F.4th 632 (8th Cir. 2021), that Iowa Code § 708.4(2) is categorically a "violent felony" under the "force" clause of the Armed Career Criminal Act. *Id.* at 636-37. The relevant text of the ACCA is the same as the text of the guideline defining "crime of violence," and there is no reason for a different interpretation. Accordingly, the district court's decision accords with our precedent in *Clark*.

Hare suggests that *Borden v. United States*, 141 S. Ct. 1817 (2021), undermined the conclusion in *Clark* that a violation of the Iowa statute requires the use of violent force. *Clark* reasoned that because violent force is force capable of causing injury, and it is impossible to cause bodily injury without using force capable of producing that result, a statute requiring proof of bodily injury necessarily requires the use of violent force. *See Clark*, 1 F.4th at 637; *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (quoting *United States v. Castleman*, 572 U.S. 157, 174 (Scalia, J., concurring)). *Borden* concerned a different issue—the *mens rea* required for an act to qualify as the use of force against the person of another. Nothing in *Borden* suggests that an offender may cause bodily injury without using violent force, and that decision does not supersede *Clark*.

Hare also contends that his Iowa offense does not qualify as a crime of violence because it encompasses conspiracy or aiding and abetting. *See* Iowa Code §§ 703.1, 706.1. But the commentary to USSG § 4B1.2 states that a crime of violence includes the crimes of aiding and abetting or conspiring to commit such an offense, USSG § 4B1.2, comment. (n.1), and this court has held that the commentary is a valid interpretation of the guideline. *See, e.g.*, *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019); *United States v. Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir.1995) (en banc).

Hare next argues that the district court erred by applying a four-level increase to his base offense level for possessing a firearm "in connection with another felony offense." USSG § 2K2.1(b)(6)(B). The district court found that Hare possessed the Ruger .380 "in connection with drug trafficking activities," because the loaded gun was located in the same room with two digital scales, a box of plastic sandwich baggies, and ammunition. Where a defendant possesses a firearm in connection with drug trafficking, a district court properly applies the increase if the firearm is found "in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* comment. (n.14(B)(ii)); *see United States v. Cosen*, 965 F.3d 929, 931-32 (8th Cir. 2020). The district court thus did not clearly err in finding that Hare possessed the firearm "in connection with" his drug trafficking offense.

The judgment of the district court is affirmed.

_____