# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-3127
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Beard, III

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 11, 2022
Filed: August 11, 2022
[Unpublished]
_____

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Ronald Beard pleaded guilty to possession of a controlled substance with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(C)–(D), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). The

district court[1] applied the career offender enhancement and sentenced him to 180 months in prison and 5 years of supervised release. Beard appeals his sentence, and we affirm.

## I.

Beard challenges the district court's application of the career offender enhancement. A defendant is considered a career offender if (1) they were at least 18 years old when they committed the instant offense; (2) the instant offense is a felony and is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). Beard has two prior felony convictions: willful injury causing bodily injury, Iowa Code § 708.4(2); and delivery of a controlled substance, Iowa Code § 124.401(1)(d). He claims that neither violation qualifies as a crime of violence or a controlled substance offense. We disagree.

First, Beard claims that his conviction for willful injury is not a crime of violence. Because he failed to object below, we review for plain error. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). A crime of violence is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Iowa law defines willful injury as "an act which is not justified and which is intended to cause serious injury to another," and it's a class D felony if the person causes bodily injury to another. Iowa Code § 708.4(2).

Our precedent controls this issue. In United States v. Clark, we held that § 708.4(2) is a violent felony under the Armed Career Criminal Act. 1 F.4th 632, 637 (8th Cir. 2021). And "[w]e treat the terms 'violent felony' under the ACCA and

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

'crime of violence' under the Guidelines as interchangeable." Id. at 635. So the district court did not err in counting Beard's willful injury conviction as a crime of violence.

Beard also argues that his conviction for delivery of a controlled substance is not a controlled substance offense. Since he preserved this objection, we review the court's application of the Guidelines *de novo*. United States v. Doran, 978 F.3d 1337, 1338 (8th Cir. 2020). Again, we are bound by precedent. We've consistently held that Iowa Code § 124.401(1) is a controlled substance offense for Guidelines purposes. See, e.g., United States v. Castellanos Muratella, 956 F.3d 541, 544 (8th Cir. 2020); United States v. Clayborn, 951 F.3d 937, 939–40 (8th Cir. 2020); United States v. Boleyn, 929 F.3d 932, 940 (8th Cir. 2019); United States v. Maldonado, 864 F.3d 893, 901 (8th Cir. 2017).

## II.

Finally, Beard challenges the substantive reasonableness of his sentence, which we review for abuse of discretion. United States v. Stoner, 795 F.3d 883, 884 (8th Cir. 2015). "An abuse of discretion is (1) failing to consider a relevant factor that should have received significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) considering only the appropriate factors but in weighing them, committing a clear error of judgment." Id. (citation omitted).

With the career offender enhancement, Beard's Guidelines range was 262–327 months in prison. The district court varied downward and sentenced him to 180 months. When a district court imposes a below-Guidelines sentence, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Espinoza, 9 F.4th 633, 637 (8th Cir. 2021) (quotation omitted). Beard argues that the court gave undue weight to his status as a career offender and his criminal history, while ignoring his mitigating factors. But the court properly weighed all relevant factors. It noted Beard's difficult childhood and "longstanding mental health issues," but also stated that he had a serious criminal

history, including a violation while awaiting trial.  The district court did not abuse its discretion in refusing to vary further downward.  We affirm.

_____