# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2036
_____

United States of America

*Plaintiff - Appellee*

v.

Benjamin Thomas Ohrtman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 10, 2023
Filed: June 30, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Benjamin Ohrtman pleaded guilty to conspiring to distribute 50 grams or more of methamphetamine. The presentence investigation report (PSR) set his total offense level at 31 and his criminal history at category VI. This produced a Guidelines range of between 188 and 235 months' imprisonment. Ohrtman objected to the base offense level. He argued that the PSR improperly attributed to him drugs from a package he

merely drove a friend to collect at the post office. Ohrtman also argued that he should receive both a two-level minor role reduction and a discretionary downward variance. The district court[1] (1) adopted the PSR's offense level recommendation, (2) denied Ohrtman the minor role reduction, (3) denied him a downward variance, and (4) sentenced him to 188 months' imprisonment, the bottom of the Guidelines range. We affirm.

On the day of his arrest, Ohrtman drove his friend to collect a package containing 695.7 grams of methamphetamine from the post office. Neither of them was aware the package had been identified by postal inspectors who were now engaged in a controlled delivery to apprehend the recipient. Ohrtman and his companion were arrested at the post office and subsequently interviewed. In his interview, Ohrtman initially denied knowing his friend was picking up a package containing methamphetamine. He claimed that he had seen his friend walking and simply offered a ride. Their text messages belied this claim. On the day of their arrest, they exchanged messages in which Ohrtman agreed to pick up the friend to go to the post office to collect the methamphetamine-containing package. Indeed, their text message history demonstrated that this was not a rarity; the two frequently communicated about the sale of methamphetamine.

Eventually, Ohrtman confessed to some involvement with methamphetamine purchases. He explained that over time he had purchased one pound (453.6 grams) of methamphetamine from his friend. His friend's statements to inspectors confirmed those other sales. The friend also stated that four ounces (113.4 grams) from the intercepted package were intended for Ohrtman.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

In making its quantity finding, the district court decided that it need not determine whether the amount of methamphetamine in the package was reasonably foreseeable to Ohrtman. *See* R. Doc. 83, at 30:8–10. The court instead considered only whether it was reasonably foreseeable to Ohrtman that he was taking his friend to collect at least 46.4 grams of methamphetamine—enough to reach the 500-gram threshold necessary for a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3). It so found. It further found that Ohrtman did not qualify for a minor role adjustment. Ohrtman failed to demonstrate that he was substantially less culpable than an average participant in the drug distribution conspiracy. The court set Ohrtman's sentence at the bottom of the Guidelines range.

We review the district court's application of the Guidelines de novo and its findings of fact for clear error. *United States v. Betts*, 509 F.3d 441, 445 (8th Cir. 2007).

"[T]he sentencing court may consider all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy." *United States v. Payton*, 636 F.3d 1027, 1046 (8th Cir. 2011) (internal quotation marks omitted). We discern two independently sufficient reasons in the record to attribute to Ohrtman—who admitted to purchasing 453.6 grams—the additional 46.4 grams necessary to reach a total of 500 grams.[2]

_____

[2]Because the record provides alternative grounds for affirmance, we need not consider the question whether a defendant may be properly attributed a lesser foreseeable quantity that represents a fraction of a larger unforeseeable transaction. *United States v. Pierson*, 219 F.3d 803, 807 (8th Cir. 2000) ("It is a well-settled principle that we may affirm a district court's judgment on any basis supported by the record."); *see* R. Doc. 83, at 30:8–10 ("The amount of methamphetamine specifically might not have been reasonably foreseeable to him in terms of it being 695.7 grams."); *cf.* U.S.S.G. § 1B1.3(a)(1)(B)(iii) (speaking in terms of reasonably foreseeable acts and omissions); *Payton*, 636 F.3d at 1046 (speaking in terms of reasonably foreseeable transactions).

First, his friend stated to investigators that Ohrtman was to receive 113.4 grams from the package that they were going to pick up. That 113.4 grams was thus "known" to Ohrtman. *See Payton*, 636 F.3d at 1046 ("Coconspirators' testimony may be sufficiently reliable evidence upon which the court may base its drug quantity calculation for sentencing purposes." (internal quotation marks omitted)). Second, Ohrtman knew that (1) he was taking his friend to collect a package of methamphetamine, (2) he was receiving a quarter-pound portion of the package, (3) his friend was headed home to weigh out the remainder for distribution, and (4) his friend had sold him a pound of methamphetamine in the recent past. Collectively, these facts made it reasonably foreseeable to Ohrtman that they were picking up a package that might contain 695.7 grams of methamphetamine—a little more than a pound and a half. *See id.* For either reason, the district court properly determined a base offense level for Ohrtman of 34.

Ohrtman next argues that the district court erred in refusing to grant him a minor role adjustment. The defendant bears the burden of establishing his minor role. *United States v. Young*, 689 F.3d 941, 946 (8th Cir. 2012). To obtain the reduction, a defendant must show that he "is less culpable than most other participants in the criminal activity, but [that his] role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. A lesser distributor of a controlled substance does not receive a minor role adjustment merely because of the presence of a larger distributor. *United States v. Cubillos*, 474 F.3d 1114, 1120 (8th Cir. 2007). "The propriety of a downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense." *United States v. Bradley*, 643 F.3d 1121, 1129 (8th Cir. 2011) (internal quotation marks omitted). Here, Ohrtman admitted to purchasing 453.6 grams and was slated to personally receive at least a further 113.4 grams. His base offense level is that of someone who participated in a conspiracy to distribute

at least 500 grams of methamphetamine. These facts militate against a minor role reduction. As such, the district court did not err in denying Ohrtman the reduction.

Lastly, Ohrtman argues that the district court erred in refusing to grant him a downward variance based on his personal history. We consider Ohrtman's argument to be a challenge to the substantive reasonableness of his sentence. We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard. *United States v. Stoner*, 795 F.3d 883, 884 (8th Cir. 2015). "An abuse of discretion is (1) failing to consider a relevant factor that should have received significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) considering only the appropriate factors but in weighing them, committing a clear error of judgment." *Id.*

The record reflects that the district court considered Ohrtman's personal history. He argues, however, that the district court "in weighing [it], committ[ed] a clear error of judgment." *Id.* At sentencing, the district court highlighted certain factors. First, it noted Ohrtman's pattern of serious criminal behavior that continued even while he was on probation. R. Doc. 83, at 43:5–18. Second, the court recounted his violent criminal history. *Id.* at 44:1–17. Third, the court acknowledged the mitigating factors of Ohrtman's personal history of substance abuse and his strong family support. *Id.* at 45:6–7. Upon weighing these factors, it sentenced Ohrtman to 188 months' imprisonment, the bottom of the applicable Guidelines range. The court's selection of 188 months gave due weight to Ohrtman's mitigating factors. *Id.* at 45:25–46:1.

Upon review, we hold that the district court appropriately weighed the relevant factors and determined that a within-Guidelines sentence was sufficient but not more than necessary for Ohrtman. The within-Guidelines sentence Ohrtman received is not substantively unreasonable.

We affirm.

_____