# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1675

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Lee Cungtion, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 13, 2023
Filed: July 10, 2023

_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

_____

STRAS, Circuit Judge.

Christopher Cungtion, Jr., received a 63-month sentence for possessing a firearm as a felon. The question for us is whether a prior conviction for "inten[tionally]" causing "bodily injury," Iowa Code § 708.4(2), qualifies as a

"crime of violence," U.S.S.G. § 4B1.2(a). Like the district court,[1] we conclude it does.

## I.

Cungtion took off running during a routine traffic stop and left a loaded 9-millimeter pistol behind. Suspicious that he may be hiding something, the officers brought in a drug-sniffing dog. Once the dog alerted, they searched the inside of the vehicle and found both the pistol and marijuana in his girlfriend's purse. Based on a prior felony conviction, he could not possess a gun, so he eventually pleaded guilty to a single felon-in-possession count. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

His criminal history then played a prominent role at sentencing. In particular, he received an additional criminal-history point for a "crime of violence," U.S.S.G. § 4B1.2(a): "inten[tionally]" causing "bodily injury," Iowa Code § 708.4(2). *See* U.S.S.G. § 4A1.1(e) (adding one point for every "crime of violence"). The single point, though it may not sound like much, added 13 to 16 months to the range and left him with a final sentence of 63 months in prison.

## II.

Cungtion's argument is straightforward: an Iowa conviction for willful injury is not a "crime of violence." U.S.S.G. § 4B1.2(a). As relevant here, the Sentencing Guidelines define a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* Called the "force" or "elements" clause, it requires us to determine whether one element of willful injury is the "use . . . of physical force against" another. *United States v. Green*, 70 F.4th 478, 479–480 (8th Cir. 2023); *see Mathis v. United States*, 579 U.S. 500, 504 (2016). This inquiry is categorical in the sense

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

that only the definition of the crime matters, not the defendant's real-life conduct. *See Mathis*, 579 U.S. at 504. Our review is de novo. *See United States v. McGee*, 890 F.3d 730, 735 (8th Cir. 2018).

## A.

The willful-injury statute prohibits "an act which is not justified and which is intended to cause serious injury to another." Iowa Code § 708.4. There are two "class[es]" of the crime: a lesser version requiring "*bodily* injury" and an aggravated form when "*serious* injury" results. *Id.* (emphases added) (defining the Class C and D versions of the crime).

The parties agree on a couple of points. First, the statute creates two separate crimes, divisible by the extent of the victim's injury. *See United States v. Schneider*, 905 F.3d 1088, 1090–91 (8th Cir. 2018) (explaining divisibility). Second, Cungtion's prior conviction was for the less-serious, bodily-injury variety. *See Shepard v. United States*, 544 U.S. 13, 26 (2005) (listing documents we can examine in determining the offense a defendant committed). Knowing the exact crime narrows the question for us: does trying to inflict "serious injury" but only causing "bodily injury" necessarily involve the "use . . . of physical force against the person of another"? U.S.S.G. § 4B1.2(a)(1).

Our precedent says "yes." Just two years ago, we concluded that this exact offense qualifies "because, to commit . . . [it], a defendant must actually" use enough force to harm the victim. *United States v. Clark*, 1 F.4th 632, 637 (8th Cir. 2021).[2] We relied on the oft-repeated maxim that "[o]ne cannot cause bodily injury to another without using the force capable of producing that injury." *Id.* (citation

_____

[2]*Clark* interpreted the phrase "violent felony" in the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B)(i), but the language defining a "crime of violence" in the Sentencing Guidelines is the same, *see Green*, 70 F.4th at 480. *See Clark*, 1 F.4th at 636 (treating the two as "interchangeable").

-3-

omitted); *see United States v. Castleman*, 572 U.S. 157, 174 (2014) (Scalia, J., concurring in part and concurring in the judgment) (first stating it); *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (citation omitted) (first adopting it). If that was it, there would be little more to say.

B.

A recent development complicates the case. In *Borden v. United States*, 141 S. Ct. 1817 (2021), the Supreme Court concluded that the force clause "categorically excludes crimes that can be committed recklessly," *United States v. Hoxworth*, 11 F.4th 693, 695 (8th Cir. 2021) (summarizing *Borden*'s holding). The Justices split on why, but what matters is that *Borden* has required us to reexamine what we have done before and even abandon a few previously settled decisions. *See, e.g.*, *id.* (abrogating *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016)); *King v. United States*, 142 S. Ct. 332 (2021) (mem.) (vacating and remanding *United States v. Ross*, 969 F.3d 829 (8th Cir. 2020), in light of *Borden*).

The question here is whether *Clark* is one of them. As Cungtion argues, *Borden* casts doubt on one aspect of *Clark*'s reasoning. It is no longer true, at least in the case of recklessly caused injury, that "[o]ne cannot cause bodily injury to another without using the force capable of causing that injury." *Clark*, 1 F.4th at 637 (citation omitted). To the extent we used that language as an easy, one-size-fits-all shortcut to a "violent felony" under the Armed Career Criminal Act or a "crime of violence" under the Sentencing Guidelines, that path is no longer open.

A simple example shows why. Suppose a texting driver hits a pedestrian, which violates a statute that prohibits "reckless driving causing bodily injury." By definition, "bodily injury" occurred if he violated the statute, but there still was no "use . . . of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); *see United States v. Frazier*, 48 F.4th 884, 886 (8th Cir. 2022) ("The upshot of *Borden* is that a crime committed with a *mens rea* of recklessness does not involve

-4-

the use, attempted use, or threatened use of physical force against the person of another." (citation omitted)).  In an example like this one, the maxim may well show that there was violent force of some kind, but not that the driver actually "use[d]" it "against the person of another."  U.S.S.G. § 4B1.2(a)(1); *see Frazier*, 48 F.4th at 886–87 (describing how the against-another requirement works).

Still, *Clark* is one of those cases that survives *Borden*.  Committing willful injury in Iowa requires an unjustified "act" that is "intended to cause serious injury." Iowa Code § 708.4.  The fact that the statute requires an intent to cause harm to another person necessarily means that *anyone* who violates it has used "physical force against the person of another."[3]  *See Borden*, 141 S. Ct. at 1826 (plurality opinion) (describing the "targeting" requirement of the force clause); *id.* at 1835 (Thomas, J., concurring in the judgment) (explaining why the "use of physical force" requires an "intentional act[] designed to cause harm" (quoting *Voisine v. United States*, 579 U.S. 686, 713 (2016) (Thomas, J., dissenting))).  *Borden*, in other words, has required us to supplement *Clark*'s reasoning, not overrule it.  It remains good law.

## III.

We accordingly affirm the judgment of the district court.

_____

---

[3]We also reject the argument that the Supreme Court's discussion in *Borden* of a federal domestic-violence statute, *see* 18 U.S.C. § 921(a)(33)(A), requires us to overrule *Clark*.  *See Borden*, 141 S. Ct. at 1832–34.  The problem with that statute is the missing "against[-]another" language, which does nothing to undermine our understanding of what qualifies as "bodily injury." *See Jima v. Barr*, 942 F.3d 468, 472 (8th Cir. 2019); *Rice*, 813 F.3d at 705–06 & n.2.