# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2521

_____

United States of America

*Plaintiff - Appellee*

v.

Sylvester George Taylor Staples

*Defendant - Appellant*

_____

No. 24-2522

_____

United States of America

*Plaintiff - Appellee*

v.

Sylvester George Taylor Staples

*Defendant - Appellant*

_____

No. 24-2523

_____

United States of America

*Plaintiff - Appellee*

v.

Sylvester George Taylor Staples

*Defendant - Appellant*
_____

Appeals from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: March 18, 2025
Filed: March 21, 2025
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

After Sylvester Staples pleaded guilty to possessing a firearm as a felon, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(8), the district court[1] revoked his supervised release in two other cases, sent him back to prison for 24 months, and imposed a consecutive 137-month sentence for the new crime he committed. An *Anders* brief suggests the sentences are procedurally and substantively flawed. *See Anders v. California*, 386 U.S. 738 (1967).

We conclude otherwise. Staples's prior Illinois convictions for attempted armed robbery and aggravated battery qualified as "crime[s] of violence," which increased the advisory sentencing range for the felon-in-possession count. U.S.S.G. § 2K2.1(a)(2); *see United States v. Bragg*, 44 F.4th 1067, 1077–78 (8th Cir. 2022); *United States v. Brown*, 916 F.3d 706, 708 (8th Cir. 2019) (per curiam); *United*

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

-2-

*States v. Roman*, 917 F.3d 1043, 1046–47 (8th Cir. 2019). From there, the district court selected the sentences and explained its reasoning for each one. *See United States v. Miller*, 557 F.3d 910, 915–16 (8th Cir. 2009) (reviewing for an abuse of discretion). In doing so, it sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam) (explaining that the district court "may give some factors less weight than a defendant prefers or more to other factors, but that alone does not justify reversal" (citation omitted)). Nor did it abuse its discretion by considering Staples's involvement in an uncharged murder, which the government proved by a preponderance of the evidence. *See United States v. Waller*, 689 F.3d 947, 959–60 (per curiam) (8th Cir. 2012) (explaining that other crimes can be relevant to a defendant's history and characteristics).

We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgments of the district court and grant counsel permission to withdraw in all three cases.

_____