# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-1073

———————————————

United States of America

*Plaintiff - Appellee*

v.

Ronnie Lee Langston

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

——————————

Submitted: November 10, 2014
Filed: November 19, 3014
[Published]

——————————

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Ronnie Lee Langston pled guilty to illegally possessing a firearm. The district court[1] sentenced him to 180 months in prison, the mandatary minimum under the

———————————————

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Armed Career Criminal Act. Langston appeals the use of two previous convictions as ACCA predicate offenses. He also argues that their use violates his Sixth Amendment right to a jury. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews de novo a career-offender classification. *United States v. Boose*, 739 F.3d 1185, 1186 (8th Cir. 2014).

At sentencing, the district court found that Langston had four previous convictions—terrorism, going armed with intent, theft, burglary—all "violent felonies." The ACCA imposes a mandatory minimum of 15 years if a felon-in-possession-of-a-firearm has "three previous convictions" for a violent felony. 18 U.S.C. § 924(e)(1).

A violent felony is a crime punishable by more than one year of imprisonment that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B). Langston questions whether two previous convictions—terrorism and going armed with intent—are "violent felonies."

At the time of Langston's offense and conviction, Iowa's terrorism statute provided:

> A person commits a class D felony when the person shoots, throws, launches, or discharges a dangerous weapon at, into, or in a building, vehicle, airplane, railroad engine, railroad car, or boat, occupied by another person, or within an assembly of people, and thereby places the occupants or people in reasonable apprehension of serious injury or threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out.

Iowa Code § 708.6 (1993). The first issue is whether this terrorism felony falls under the first clause, § 924(e)(2)(B)(I).

The first clause "requires the use of force, threat or intimidation, which all involve an element of violence." *United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010), *quoting United States v. Futrell*, 83 F.3d 434, 434 (10th Cir. 1996) (unpublished). *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding that "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person"). A threat creating fear "of imminent serious bodily injury" is a threat of physical force and falls under the first clause. *Forrest*, 611 F.3d at 911.

A categorical approach determines whether an offense is a violent felony. *United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2014) (en banc), *quoting Taylor v. United States*, 495 U.S. 575, 602 (1990); *Boose*, 739 F.3d at 1186, *citing United States v. Bartel*, 698 F.3d 658, 661 (8th Cir. 2012). "Under this approach, we look only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." *Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011) (internal quotation marks and citation omitted); *Begay v. United States*, 553 U.S. 137, 141 (2008), *citing Taylor*, 495 U.S. at 602. *See generally Descamps v. United States*, 133 S. Ct. 2276, 2286 (2013) (review of trial documents warranted only when statute of conviction has several alternative, divisible bases for conviction, not all of which are ACCA predicates).

By the plain language of the Iowa Code, Langston's terrorism conviction is a violent felony requiring the use of force, threat, or intimidation. A person commits class D terrorism by discharging—or threatening to discharge—"a dangerous weapon" at a place occupied by another, causing "reasonable apprehension of serious injury." § 708.6. Although a person can be convicted of class D terrorism many different ways, any violation necessarily requires violent force. Langston's terrorism conviction is a violent felony under § 924(e)(2)(B)(I).

Alternatively, Langston's conviction of going armed with intent is also a predicate violent felony. Iowa Code section 708.8 provides: "A person who goes armed with any dangerous weapon with the intent to use without justification such weapon against the person of another commits a class 'D' felony."

Section 708.8 convictions are violent felonies. *United States v. Flagg*, 455 Fed. Appx. 719 (8th Cir. 2012) (per curiam) (unpublished); *United States v. Carpenter*, 422 F.3d 738 (8th Cir. 2005); *United States v. Gomez-Hernandez*, 300 F.3d 974 (8th Cir. 2002). Categorically, section 708.8 falls under the "residual" clause of § 924(e)(2)(B)(ii) because it is similar to the other enumerated crimes under and involves the same serious potential risk of physical injury to another. *See Sykes*, 131 S. Ct. at 2273. Langston's going-armed-with-intent conviction is a violent felony under the ACCA.

Langston claims a Sixth Amendment right to have the fact of his prior convictions decided by a jury beyond reasonable doubt, citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013). "However, the Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." *United States v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013) (per curiam) (citing *Alleyne*, 133 S. Ct. at 2160 n.1 (declining to revisit and continuing to recognize

-4-

an exception for the facts of prior convictions)).  Because the challenged enhancement "was based solely on his prior felony drug conviction, it continues to fall under the recidivism exception to the jury presentation requirement . . . left unchanged in *Alleyne*."  *Abrahamson*, 731 F.3d at 752.

The district court properly determined that Langston has four predicate offenses and is an armed career criminal for sentencing purposes.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____