# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1073

_____

United States of America

*Plaintiff - Appellee*

v.

Ronnie Lee Langston

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: August 3, 2015
Filed: August 6, 2015
[Published]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

This court previously affirmed Ronnie Lee Langston's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See United States v. Langston*, 772 F.3d 560 (8th Cir. 2014) (per curiam). The Supreme Court granted certiorari, vacated the judgment, and remanded for reconsideration in light of *Johnson v. United States*,

135 S. Ct. 2551 (2015). Having jurisdiction under 28 U.S.C. § 1291, this court affirms the district court[1] and reinstates the previous opinion in part.

Langston pled guilty to possessing a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced him as an armed career criminal to 180 months' imprisonment. *See* § 924(e)(1) (mandatory minimum of 180 months if a felon in possession of a firearm has three prior convictions for violent felonies or serious drug offenses). At sentencing, the court found that four prior convictions were violent felonies: terrorism, going armed with intent, theft, and burglary. Langston did not dispute that the theft and burglary convictions were violent felonies. This court affirmed, holding that the terrorism conviction is a violent felony under the ACCA's first clause. *See* § 924(e)(2)(B)(i) (crime is a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another"). Alternatively, this court found that Langston's going-armed-with-intent conviction is a violent felony under the "residual clause" of the ACCA. *See* § 924(e)(2)(B)(ii) (crime is a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another").

In *Johnson*, the Supreme Court struck down the residual clause as unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2556-57 (noting vagueness in criminal statutes is prohibited by due process). In light of *Johnson*, Langston's going-armed-with-intent conviction is not a qualifying violent felony.

However, *Johnson* "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. As explained by the previous opinion, Langston's terrorism conviction is a violent felony under the ACCA's first clause. *See* 772 F.3d at 562-63.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Langston thus has three qualifying convictions. The district court properly sentenced him as an armed career criminal. *See* § 924(e)(1) (requiring "three previous convictions . . . for a violent felony or a serious drug offense"). *See also United States v. Archuleta*, 412 F.3d 1003, 1006 (8th Cir. 2005) (discussing harmless error), *citing, e.g., Chapman v. California*, 386 U.S. 18, 24 (1967).

The judgment is affirmed. The panel opinion is reinstated except for the two paragraphs, 772 F.3d at 563, finding that the going-armed-with-intent conviction is a predicate felony under the residual clause.

_____