# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-1073

———————————————

United States of America

*Plaintiff - Appellee*

v.

Ronnie Lee Langston

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

————————

Submitted: August 3, 2015
Filed: September 9, 2015
[Published]

————————

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

————————

PER CURIAM.

This court previously affirmed Ronnie Lee Langston's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See United States v. Langston*, 772 F.3d 560 (8th Cir. 2014) (per curiam). The Supreme Court granted certiorari, vacated the judgment, and remanded for reconsideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). This court again affirmed the sentence. *See United States v.*

*Langston*, 2015 WL 4646854 (8th Cir. Aug. 6, 2015) (per curiam). Granting Langston's petition for rehearing, this court now vacates the opinion of August 6, 2015. Having jurisdiction under 28 U.S.C. § 1291, this court vacates Langston's sentence and remands.

Langston pled guilty to possessing a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced him as an armed career criminal to 180 months' imprisonment. *See* § 924(e)(1) (mandatory minimum of 180 months if a felon in possession of a firearm has three prior convictions for violent felonies or serious drug offenses). At sentencing, the court found that four prior convictions were violent felonies: terrorism, going armed with intent, theft, and burglary. Langston did not dispute that the theft and burglary convictions were violent felonies. This court affirmed, holding that Langston's going-armed-with-intent conviction was a violent felony under the "residual clause" of the ACCA. *See* § 924(e)(2)(B)(ii) (crime is a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another").

In *Johnson*, the Supreme Court struck down the residual clause as unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2556-57 (noting vagueness in criminal statutes is prohibited by due process). In light of *Johnson*, Langston's going-armed-with-intent conviction is not a qualifying violent felony.

Neither, the government concedes, is Langston's theft conviction. *See United States v. Griffith*, 301 F.3d 880, 885 (8th Cir. 2002) (finding theft from a person is a violent felony under the residual clause). *See also United States v. Davidson*, 551 F.3d 807, 808 (8th Cir. 2008) (per curiam) (discussing plain error review). Thus, the district court erred by sentencing Langston as an armed career criminal.

The judgment is vacated and the case remanded for resentencing consistent with this opinion.

_____