In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 18-3696

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BRENNEN M. SMITH,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 4:17-cr-40039-001 — **Sara Darrow**, *Chief Judge.*

———————————

ARGUED NOVEMBER 8, 2019 — DECIDED NOVEMBER 25, 2020

———————————

Before SYKES, *Chief Judge*, and RIPPLE and ROVNER, *Circuit Judges*.

SYKES, *Chief Judge*. Brennen Smith stole a pickup truck in Iowa, drove it across the Mississippi River into Illinois, then crashed into a median and fled the scene, leaving a stolen handgun inside. Because he has a felony record and the stolen truck crossed state lines, Smith faced federal charges of unlawfully possessing a firearm as a felon and possession of stolen goods. He pleaded guilty to both counts.

The presentence report recommended an enhanced of-fense level under § 2K2.1(a)(2) of the Sentencing Guidelines based on two of Smith's prior convictions: a 2009 Iowa conviction for delivery of cocaine and a 2008 Iowa conviction for aggravated assault. Smith conceded that the former qualified as a "controlled substance offense" under § 2K2.1(a)(2). He objected, however, to counting the aggravated-assault conviction as a "crime of violence" under the Guidelines. The judge overruled the objection and imposed a sentence of 115 months, the top of the advisory range.

Smith argues that the 2008 aggravated-assault conviction is not a crime of violence under a proper application of the categorical approach to classifying convictions for sentenc-ing purposes. As relevant here, a "crime of violence" is an offense that has "as an element the use, attempted use, or threatened use of physical force against the person of anoth-er." U.S.S.G. § 4B1.2(a). Smith's 2008 conviction rests on section 708.2(3) of the Iowa Code. Under that statute, "[a] person who commits an assault, as defined in section 708.1, and uses or displays a dangerous weapon in connection with the assault" is guilty of the crime of aggravated assault.

Smith observes, correctly enough, that some variants of the simple assault offense as defined in section 708.1 do not require the use or threat of physical force. We recently held, however, that section 708.1 is divisible—that is, the separate subsections in the statute define separate crimes, each with different elements. *United States v. Carter*, 961 F.3d 953, 957 (7th Cir. 2020). That requires us to look to the charging document or similar court records to determine which crime, with what elements, Smith was convicted of. Smith's court

records show that he was convicted under a subsection of the assault statute that requires a threat of physical force—indeed, the same part of the Iowa statute that we addressed in *Carter*. *Id.* at 957–58. It follows from *Carter* that the judge properly relied on Smith's 2008 aggravated-assault conviction to elevate his base offense level under § 2K2.1(a)(2). We affirm.

## I. Background

In November 2016 Smith briefly worked as a salesman at Lindquist Ford in Bettendorf, Iowa. When he started, he was given a master key that opened a lockbox that held the keys to every vehicle on the lot. Smith quit after only a week on the job and did not turn in his master key. Instead, about two months later, he returned to the dealership and stole a 2016 Ford F250 truck. He placed stolen license plates on the truck and drove it across state lines into Illinois. A few days later he crashed the truck into a median in Rock Island County, Illinois. He fled the scene, leaving a stolen pistol in the truck. A week later Smith was arrested. He admitted that he stole the truck, wrecked it, and left the firearm inside.

A grand jury in the Central District of Illinois returned a two-count indictment charging Smith with unlawfully possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and possessing stolen goods that traveled across state lines, *id.* § 2315. He pleaded guilty to both counts without a plea agreement.

For the firearm count, the presentence report ("PSR") recommended a base offense level of 24 under § 2K2.1(a)(2), which applies when the defendant has "at least two felony convictions of either a crime of violence or a controlled

substance offense." The PSR listed three possible qualifying predicates: a 2009 Iowa conviction for delivery of cocaine, a 2008 Iowa conviction for aggravated assault, and a 2013 Iowa conviction for domestic-abuse assault. The PSR also recommended a two-level increase in the offense level because the firearm was stolen, raising the offense level to 26. *See* U.S.S.G. § 2K2.1(b)(4).

At sentencing the parties agreed that the Iowa cocaine offense is a qualifying controlled-substances crime for purposes of § 2K2.1(a)(2). The debate centered on the two assault convictions. Smith argued that neither the aggravated assault nor the domestic-abuse assault could be counted as predicate crimes of violence; the government argued that both crimes qualify. The judge concluded that the aggravated-assault offense is a crime of violence, which made it unnecessary for her to address the domestic-abuse assault; the cocaine offense and the aggravated assault provided the two convictions needed to support the recommended base offense level of 24. The judge added two levels because the firearm was stolen, then awarded a three-level reduction for acceptance of responsibility, resulting in a final offense level of 23. With Smith's criminal-history category of VI, the advisory Guidelines sentencing range was 92 to 115 months. The judge imposed concurrent sentences of 115 months on each count.

## II. Discussion

Smith reprises his argument that neither of his Iowa assault convictions is a crime of violence for purposes of the elevated base offense level under § 2K2.1(a)(2). Although the Guidelines are purely advisory, a correctly calculated Sentencing Guidelines range is the required first step in the

sentencing process, so a mistake in the calculation is a procedural error. *United States v. Hurlburt*, 835 F.3d 715, 723 (7th Cir. 2016). Classifying prior convictions for sentencing purposes is a legal determination; our review is therefore de novo. *United States v. Edwards*, 836 F.3d 831, 834 (7th Cir. 2016).

As relevant here, a crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that … has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). Whether a conviction qualifies under this definition depends entirely on the statutory elements of the crime. *Edwards*, 836 F.3d at 834–35. The inquiry is therefore legal and categorical: If the statute underlying the conviction defines the offense more broadly than the Guidelines definition, then the prior conviction cannot be counted; if the statutory elements of the offense match or are narrower than the Guidelines definition, then the conviction qualifies as a crime of violence. *Id.*

Many criminal statutes contain multiple parts, which adds a layer of complexity to the categorical analysis. A multipart statute may create more than one crime, each with its own set of elements, or it may list several different factual means of committing a single element of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). If a multipart statute defines multiple crimes—i.e., if the subparts are legal *elements* rather than alternative factual *means* of committing an element of the crime—then the statute is considered "divisible" and a modified form of the categorical approach applies. The modified approach requires an examination of the charging document or other court records "to determine

what crime, with what elements, [the] defendant was convicted of." *Id.* If, on the other hand, the various alternatives in a multipart statute are simply alternative factual means of committing a single element—so that a jury need not unanimously agree on how the defendant committed that element in order to convict—then the statute is not divisible. *Id.* An *indivisible* statute that sweeps more broadly than the Guidelines definition is not a categorical match, and a conviction under it does not qualify as a crime of violence. *Edwards*, 836 F.3d at 834–35.

Our recent opinion in *Carter* applied these principles to the Iowa assault statutes at issue here. Like Smith, the defendant in *Carter* pleaded guilty to unlawfully possessing a firearm as a felon in violation of § 922(g)(1), and his base offense level under § 2K2.1(a)(2) hinged on whether his conviction for aggravated assault under section 708.2(3) of the Iowa Code qualified as a crime of violence. *Carter*, 961 F.3d at 956–59. Section 708.2(3) provides: "A person who commits an assault, as defined in section 708.1, and uses or displays a dangerous weapon in connection with the assault, is guilty of an aggravated misdemeanor." Under Iowa law an aggravated misdemeanor is punishable by up to two years in prison, *see* IOWA CODE § 903.1(2), so the pivotal question in *Carter* was whether the Iowa aggravated-assault offense as defined in section 708.2(3) "has as an element the use, attempted use, or threatened use of physical force," § 4B1.2(a)(1); *Carter*, 961 F.3d at 957.

The section 708.2(3) offense has two elements: (1) the defendant used or displayed a dangerous weapon; (2) in connection with an assault as defined in section 708.1. As

relevant here, section 708.1, Iowa's version of the crime of simple assault, provides in part:

> 2. A person commits an assault when, without justification, the person does any of the following:
>
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
>
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
>
> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

IOWA CODE § 708.1.[1]

Because section 708.1(2) contains multiple subparts, the first step in our analysis in *Carter* concerned the question of divisibility. *Carter*, 961 F.3d at 956–57. We looked to the Iowa Supreme Court for guidance, noting that the state high court reads the separate subsections of section 708.1(2) to create distinct crimes. *Id.* at 957 (citing *State v. Fountain*, 786 N.W.2d

---

[1] The version of section 708.1 in effect in 2008 used a different numbering system for these three separate subdivisions. The text was the same, however. For ease of reference, we use the current numbering, as we did in *Carter*. *United States v. Carter*, 961 F.3d 953, 957 (7th Cir. 2020).

260, 265 (Iowa 2010)). Accordingly, we concluded that the statute is divisible and applied the modified categorical approach. *Id.*

The next step in the analysis required an examination of the court records from the defendant's underlying case to determine which of the three basic assault crimes in section 708.1(2) formed the basis for his conviction for aggravated assault. Some of the court records were unilluminating, but the defendant had admitted in his plea agreement that he displayed a knife during an altercation with the victim. *Id.* at 958. The version of the assault crime defined in subsection (2)(c) of the statute covers "[i]ntentionally point[ing] any firearm toward another, *or display*[*ing*] *in a threatening manner any dangerous weapon toward another.*" We therefore concluded that "[s]ection 708.1(2)(c) … provided the basis for [the defendant's] aggravated assault conviction." *Id.*

The defendant insisted that merely *displaying* a dangerous weapon does not imply a threat of physical force, but we rejected that argument. *Carter*, 961 F.3d at 958. We noted that the Supreme Court had recently clarified that "the threat of physical force 'does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only *potentiality*.'" *Id.* (quoting *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019)). Putting these pieces together, we concluded that an "[a]ggravated assault under § 708.2(3) of the Iowa Code, with a predicate assault under § 708.1(2)(c), necessarily involves at least the threat to use physical force." *Id.* at 959. So the defendant's conviction was properly counted as a crime of violence. *Id.*

That holding controls here. Like in *Carter*, some of the court records in Smith's 2008 aggravated-assault case are unilluminating. For instance, the judgment says only that he was sentenced for the crime of "assault with a dangerous weapon" in violation of sections 708.1 and 708.2(3). But the charging document holds the key, stating that Smith "did: assault [the victim] by using or displaying a dangerous weapon, to-wit: [a] metal bat." Substitute "knife" for "metal bat" and this case is *Carter*. Applying *Carter*'s reasoning here, we conclude that subsection 708.1(2)(c) provides the basis for Smith's aggravated-assault conviction under section 708.2(3), and the conviction was properly counted as a crime of violence.

We have just a few additional observations in closing. Subsection (2)(c) of section 708.1 is not only divisible from subsections (2)(a) and (2)(b), but it's also internally divisible. Recall that it contains two parts, one criminalizing the act of intentionally pointing a firearm and a second criminalizing the act of displaying a dangerous weapon in a threatening manner. The second internal subpart has different and additional elements than the first. To convict under the first, a jury would need to unanimously agree that the defendant (1) intentionally pointed a firearm (2) at another person. In contrast, to convict under the second internal subpart, a jury would need to unanimously agree that the defendant (1) displayed a dangerous weapon (2) in a threatening manner (3) toward another person. The term "dangerous weapon" is defined broadly to include "any instrument or device designed primarily for use in inflicting death or injury" and "any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious bodily

injury." IOWA CODE § 702.7. The second subpart plainly contains different elements than the first and thus defines a distinct crime.

*Carter* did not expressly hold that subsection (2)(c) is internally divisible, but our analysis implicitly treated it as such. As we've noted, the defendant there admitted in his plea agreement that he displayed a knife during an altercation with the victim, so his aggravated-assault conviction necessarily involved the second internal subpart of section 708.1(2)(c), not the first. The distinction does not matter here, but it may be important in a future case. Under current circuit precedent, pointing a firearm, without more, is not a crime of violence. *Portee v. United States*, 941 F.3d 263, 268 (7th Cir. 2019).

*Portee* is hard to reconcile with the Supreme Court's reasoning in *Stokeling*, which (to repeat) held that a threat of physical force in this context does not require any particular *degree* of likelihood of injury or pain, "only potentiality." *Stokeling*, 139 S. Ct. at 554. *Portee* does not mention *Stokeling*, and *Carter* does not mention *Portee*. But resolving the apparent tension between *Portee* and *Stokeling* is a question for another day. Smith's 2008 Iowa aggravated-assault conviction is materially identical to the conviction at issue in *Carter*. It follows that the conviction was properly classified as a crime of violence for purposes of the enhanced base offense level in § 2K2.1(a)(2).[2] There was no procedural error.

AFFIRMED

---

[2] Because we conclude that the 2008 aggravated-assault conviction is a qualifying crime of violence, we have no need to address Smith's 2013 conviction for domestic-abuse assault.