In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 21-1469

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARKELL T. DIXON,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:20-CR-40005-SLD-1 — **Sara Darrow**, *Chief Judge.*

---

ARGUED DECEMBER 14, 2021 — DECIDED MARCH 3, 2022

---

Before SYKES, *Chief Judge*, and HAMILTON and ST. EVE, *Circuit Judges*.

HAMILTON, *Circuit Judge*. The issue in this appeal is whether a defendant's prior Iowa conviction for intimidation with a dangerous weapon qualifies as a crime of violence under the Sentencing Guidelines. We hold that it does. Appellant Markell Dixon pleaded guilty to possessing a firearm as a felon, and the district court sentenced him to 96 months in prison. In calculating the imprisonment range for Dixon

under the Guidelines, the district court raised his base-offense level by six levels under U.S.S.G. § 2K2.1(a)(4)(A) because he had a previous conviction for a "crime of violence." That conviction was under Iowa law for intimidation with a dangerous weapon in violation of Iowa Code § 708.6(1).

On appeal, Dixon contends that the district court erred because the crime under the Iowa statute is not categorically a crime of violence under the Guidelines. We affirm. A conviction under the Iowa statute requires that the defendant have placed someone in "reasonable apprehension of serious injury." That element necessarily includes a "threatened use of physical force," which is sufficient for the crime to qualify as a crime of violence under the Guidelines.

Dixon's Presentence Investigation Report recommended setting his base-offense level at 20 under U.S.S.G. § 2K2.1(a)(4)(A) because he had a prior conviction for a crime of violence. Four years earlier, Dixon had pleaded guilty in an Iowa state court to intimidation with a dangerous weapon in violation of Iowa Code § 708.6(1). According to the charging document in the Iowa court, Dixon had shot at a vehicle with multiple occupants and continued firing at them as they fled.

The district court overruled Dixon's objection to that use of his prior conviction and used base-offense level 20. The court reasoned that the Iowa statute required the specific intent to injure or provoke fear or anger, so that a conviction qualified as a crime of violence under the "categorical approach" to recidivism enhancements. After applying that conclusion to calculate a guideline range of 84 to 105 months in prison, the court sentenced Dixon to 96 months in prison and three years of supervised release.

We review de novo the district court's ruling that Dixon's conviction for intimidation with a dangerous weapon was for a "crime of violence" that justified the base-offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). *United States v. Vesey*, 966 F.3d 694, 696 (7th Cir. 2020).

In deciding whether an offense is a crime of violence under the current version of the Guidelines that applies here, federal courts apply a "categorical approach." E.g., *Vesey*, 966 F.3d at 696–97, citing *United States v. Taylor*, 630 F.3d 629, 633 n.2 (7th Cir. 2010) (noting that categorical method applies under Sentencing Guidelines and Armed Career Criminal Act, 18 U.S.C. § 924(e)). This approach requires courts to look only at the elements of the statute of conviction—not the specific facts of the defendant's prior offense—and to ask if the elements define the offense more broadly than the guideline definition of a crime of violence. See *Mathis v. United States*, 136 S. Ct. 2243, 2248, 2251 (2016) (Armed Career Criminal Act); *United States v. Smith*, 981 F.3d 606, 609 (7th Cir. 2020) (categorical approach applied to find that Iowa conviction for aggravated assault was crime of violence under Guidelines). An offense is not a crime of violence if a person can commit it in a way that falls outside the guideline definition. *Bridges v. United States*, 991 F.3d 793, 801 (7th Cir. 2021) (Hobbs Act robbery did not qualify as crime of violence under categorical method). But if the offense's minimum conduct is congruent with or narrower than the federal definition, the offense is a categorical match. *Id.* at 800; *Smith*, 981 F.3d at 609.

It might seem odd to think that deliberately shooting a gun at people in a vehicle could be anything but a crime of violence under any definition. Cf. *United States v. Duncan*, 833 F.3d 751, 752 (7th Cir. 2016) ("Our conclusion that Indiana

robbery is a violent felony might seem about as interesting as a prediction that the sun will rise in the east tomorrow."). But that odd possibility is not precluded by the intricate and sometimes counterintuitive, even Thomistic logic of the categorical approach. See Amit Jain & Phillip Dane Warren, *An Ode to the Categorical Approach*, 67 UCLA L. Rev. Discourse 132, 134 (2019) (quoting opinions describing categorical method as a "judicial charade" that "require[s] that judges ignore the real world" and reach results that are "counterintuitive" or even "unbelievable"); accord, e.g., *United States v. Doctor*, 842 F.3d 306, 313 (4th Cir. 2016) (Wilkinson, J., concurring) (describing categorical method as "a protracted ruse for paradoxically finding even the worst and most violent offenses not to constitute crimes of violence"), quoted in *Bridges*, 991 F.3d at 805.

The categorical method is firmly in place under the Armed Career Criminal Act, as a matter of statute and Supreme Court precedent. Its role in applying the now-advisory Sentencing Guidelines requires more nuance. In 2018 the Sentencing Commission proposed amendments to the Guidelines that would free courts from rigid adherence to the categorical method and allow them to consider reliable information about the defendant's actual conduct leading to an earlier conviction. Sentencing Guidelines for United States Courts, 83 Fed. Reg. 65400, 65407–12 (proposed Dec. 20, 2018). While action was pending on those proposals, however, the Sentencing Commission lost its quorum. More than three years later, it still lacks a quorum and cannot act on those proposals. So for now, a sentencing court must conduct the categorical analysis to calculate the advisory starting point for sentencing. After making that calculation, however, the sentencing court is not only entitled but obliged to consider that advice through

the filter of the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). See *Rita v. United States*, 551 U.S. 338, 351 (2007), citing *United States v. Booker*, 543 U.S. 220, 259–60 (2005).[1]

The Guidelines define a crime of violence as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); see also § 2K2.1 cmt. n.1 (borrowing definition to decide base offense level for violation of 18 U.S.C. § 922(g)(1)). "Physical force," in turn, means violent force or force capable of causing injury. *Johnson v. United States*, 559 U.S. 133, 140 (2010). (The definition and analysis are the same under both the Guidelines and the Armed Career Criminal Act, so we may rely on case law under that Act when applying the categorical approach under the Guidelines. *Duncan*, 833 F.3d at 754; see 18 U.S.C. § 924(e)(2)(B)(i).)

Turning to the Iowa law, subsection (1) of the statute criminalizes shooting at people or an occupied vehicle or building and thereby placing the occupants or people in reasonable apprehension of serious injury:

---

[1] Query how courts would apply the "arbitrary or capricious" standard of administrative law to an agency's decision based on the kind of logic that courts must use under the categorical method, where the actual facts of a defendant's earlier crime do not matter and hypothetical questions can be decisive. We have often encouraged district judges dealing with difficult issues under the Guidelines, including questions about a defendant's criminal history, to address explicitly whether and to what extent their final decisions depend on the guideline calculations. E.g., *United States v. Tate*, 822 F.3d 370, 377–78 (7th Cir. 2016); *United States v. Harris*, 718 F.3d 698, 703 & n.2 (7th Cir. 2013).

>A person commits a class "C" felony when the person, with the intent to injure or provoke fear or anger in another, shoots, throws, launches, or discharges a dangerous weapon at, into, or in a building, vehicle, airplane, railroad engine, railroad car, or boat, occupied by another person, or within an assembly of people, and thereby places the occupants or people in reasonable apprehension of serious injury or threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out.

Iowa Code § 708.6(1). Subsection (2) covers the same conduct without the specific intent requirement.

The Iowa Supreme Court has interpreted § 708.6(1) to require that the defendant place the victim(s) "in reasonable apprehension of serious injury." *State v. Ross*, 845 N.W.2d 692, 699 (Iowa 2014). Federal courts follow such an authoritative interpretation of state law by the state's highest court. See *Johnson*, 559 U.S. at 138 (requiring federal courts to follow state-court interpretations regarding elements of a crime). The issue here becomes whether placing a person in "reasonable apprehension of serious injury" means "threatening the use of physical force." If so, § 708.6(1) is a categorical match for the Guidelines' definition of a crime of violence.

Our cases make clear that a person who creates reasonable fear of serious injury has also threatened the use of physical force. See, e.g., *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (ruling that Hobbs Act robbery, 18 U.S.C. § 1951, is a crime of violence under 18 U.S.C. § 924(c)(3)(A)), vacated on other grounds, 138 S. Ct. 126 (2017);

see also *United States v. Harden*, 866 F.3d 768, 772–73 (7th Cir. 2017) (summarizing Seventh Circuit case law).

For another example, in *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016), we held that robbery under Indiana Code § 35-42-5-1 is a crime of violence. Robbing someone requires putting the victim in reasonable fear of bodily injury, which implies a threat of physical force if the victim does not comply with the robber's demands. *Id*. at 906–07.

The same logic applies under the Iowa statute of intimidation with a dangerous weapon. The only way a defendant uses a dangerous weapon to put someone in fear of serious injury is by threatening physical force. The Eighth Circuit used this reasoning to reach the same result about the same Iowa statute: creating a fear of serious injury is equivalent to a threat of physical force. See *United States v. Langston*, 772 F.3d 560, 562 (8th Cir. 2014), vacated on other grounds, 576 U.S. 1080 (2015).

Dixon counters that a person can violate § 708.6 by using force against only property, while the guideline definition of a crime of violence requires actual, attempted, or threatened physical force against a person. If true, this would make the statute broader than the guideline definition of a crime of violence and thus a categorical mismatch. See *Bridges*, 991 F.3d at 798, 800–02 (concluding that statute that proscribes instilling fear of injury to persons *or* property is *not* a crime of violence under the Guidelines). If that is correct, Dixon continues, the reasoning of cases like *United States v. Estrella*, 758 F.3d 1239 (11th Cir. 2014), and *United States v. Alfaro*, 408 F.3d 204 (5th Cir. 2005), should control. Those cases ruled that statutes did not categorically match the term "crime of violence" because they could apply to the use of force against

unoccupied property (or property that happened to be occupied without the defendant's knowledge).

The argument is not persuasive. Dixon was convicted under the Iowa statute requiring as an element another *person's* reasonable apprehension of serious injury. A conviction under the statute requires more than the use of force against property. It can be violated by the use of force against property, but only if the use of force places a *person* in reasonable apprehension of serious injury. A defendant cannot be convicted under § 708.6 for using force against property, without more. Another person must perceive danger of violence, so § 708.6 matches the Guidelines' definition of force.

The district court correctly held that Dixon was previously convicted of a crime of violence, so his guideline range was correct.

AFFIRMED.