United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3879

_____

United States of America

*Plaintiff - Appellee*

v.

Donte Kent

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 10, 2022
Filed: August 10, 2022

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

MELLOY, Circuit Judge.

Donte Kent pleaded guilty to possessing a controlled substance with intent to distribute and being a felon in possession of a firearm. The district court[1] determined

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

that Mr. Kent was a career offender under § 4B1.1 of the U.S. Sentencing Guidelines because he had at least two prior convictions for crimes of violence or controlled substance offenses. Because we find that Mr. Kent's conviction for interference with official acts inflicting bodily injury constitutes a crime of violence, we affirm.

I.

Section 4B1.1 provides for higher base offense levels for certain defendants who have at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). As relevant here, a federal or state offense is a crime of violence if it is punishable by more than one year of imprisonment and "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"). U.S.S.G. § 4B1.2(a).

To determine if a crime satisfies the force clause, we apply the categorical approach. United States v. Roman, 917 F.3d 1043, 1045–46 (8th Cir. 2019). Under the categorical approach, we look to the elements of the crime, as listed in the statute, rather than the acts a defendant committed to satisfy those elements. United States v. Schneider, 905 F.3d 1088, 1090 (8th Cir. 2018). "Elements" are those "things the prosecution must prove to sustain a conviction." Id. (quoting Mathis v. United States, 579 U.S. 500, 504 (2016)). If the elements of a crime can only be satisfied by conduct involving physical force, that crime is a crime of violence. Id. But "[i]f any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard" and the crime is not a crime of violence. Borden v. United States, 141 S. Ct. 1817, 1822 (2021) (Kagan, J., plurality opinion).

Our analysis is more complicated when we are confronted with a statute that lists elements in the alternative. See Mathis, 579 U.S. at 505. These statutes—called "divisible" statutes— define multiple crimes. Id. In a case where a defendant has committed a crime under a divisible statute, we must first determine which crime he

committed by identifying which set of elements he satisfied. Id. This is called the "modified categorical approach." Under the modified categorical approach, we "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Id. at 505–06; see Shepard v. United States, 544 U.S. 13, 26 (2005) (identifying "Shepard documents" courts may review to determine which crime a defendant committed). Then, as in the categorical approach, we consider the elements of that crime and determine whether the elements meet the force clause. Mathis, 579 U.S. at 506.

Whether the statute is divisible or indivisible, once we have determined which crime the defendant committed, we determine whether the elements of that crime require "the use, attempted use, or threatened use of physical force against the person of another."

We review whether a crime is a crime of violence de novo. United States v. Harris, 950 F.3d 1015, 1017 (8th Cir. 2020). The parties agree that Mr. Kent has at least one predicate conviction. They debate whether two other convictions qualify as crimes of violence. Mr. Kent has a conviction for interference with official acts inflicting bodily injury, in violation of then-section 719.1(1)(d) (now section 719.1(1)(e)) of the Iowa Code. He also has a conviction for domestic abuse assault, second offense, in violation of Iowa Code § 708.2A(3)(b). Mr. Kent qualifies as a career offender if either one of those prior convictions is a crime of violence.

## II.

We start with the conviction that the district court found was a crime of violence: Mr. Kent's 2013 conviction for interference with official acts, in violation of Iowa Code § 719.1. Mr. Kent concedes that § 719.1 is divisible and the district court did not clearly err by finding that he violated § 719.1(1)(d). At the time of Mr. Kent's conviction, the statute read:

1. A person commits interference with official acts when the person knowingly resists or obstructs anyone known by the person to be a peace officer, emergency medical care provider under chapter 147A, or fire fighter, whether paid or volunteer, in the performance of any act which is within the scope of the lawful duty or authority of that officer, emergency medical care provider under chapter 147A, or fire fighter, whether paid or volunteer, or who knowingly resists or obstructs the service or execution by any authorized person of any civil or criminal process or order of any court.

   . . . .

   d. If a person commits an interference with official acts, as defined in this subsection, and in so doing inflicts bodily injury other than serious injury, that person commits an aggravated misdemeanor.

. . . .

3. The terms "resist" and "obstruct", as used in this section, do not include verbal harassment unless the verbal harassment is accompanied by a present ability and apparent intention to execute a verbal threat physically.

Iowa Code Ann. § 719.1 (West 2014) (effective July 1, 2013).

We previously held that interference with official acts inflicting bodily injury was a crime of violence. United States v. Malloy, 614 F.3d 852 (8th Cir. 2010) (interpreting a prior version of Iowa Code § 719.1). Mr. Kent argues, however, that Malloy has been abrogated by the Supreme Court's recent decision in Borden v. United States, 141 S. Ct. at 1821–22 (Kagan, J., plurality opinion) (applying identical force clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i)). In Borden, the Supreme Court held that an offense cannot satisfy the force clause if it can be committed recklessly. Id. Mr. Kent argues that interference with official acts causing bodily injury can be committed recklessly. If it can, under Borden, it no longer qualifies as a crime of violence. The question here

is whether interference with official acts causing bodily injury can be committed recklessly.

"Recklessness" is a less culpable state of mind than purpose or knowledge. Id. at 1823–24. A person who acts purposely or knowingly "makes a deliberate choice with full awareness of" the potential consequences. Id. at 1823. While knowledge and purpose require an awareness of the outcome, recklessness involves "insufficient concern with a risk of injury." Id. at 1824. A person acts recklessly "when he 'consciously disregards a substantial and unjustifiable risk' attached to his conduct, in 'gross deviation' from accepted standards." Id. (quoting Model Penal Code § 2.02(2)(c)). The risk of harm may be significantly less than a likelihood of harm. Id. Crimes that can be committed recklessly cannot satisfy the force clause because the force clause's requirement that force be used "against" another "demands that the perpetrator direct his action at, or target, another individual." Id. at 1825. Because reckless conduct is not directed or targeted, it is not the use of force against the person of another. Id.

We must determine what mental state is required to commit interference with official acts causing bodily injury in violation of then-section 719.1(d) (now section 719.1(e)). The mental state requirement is not clear in the statute, which has two parts. The first part describes the basic crime of interference with official acts. To be guilty of this offense, the offender must "knowingly restrict[] or obstruct[]" an official. Iowa Code Ann. § 719.1(1) (West 2014). The second part provides an enhanced penalty if the offender commits the basic form of the offense "and in so doing inflicts bodily injury other than serious injury." Id. § 719.1(1)(d). This subsection does not identify what mental state is required for an offender to be guilty of "inflict[ing] bodily injury." See id. Nor has the Iowa Supreme Court stated what mental state is required by this subsection. "When a state's highest court has not decided an issue, it is up to this court to predict how the state's highest court would

-5-

resolve that issue." United States v. Goodwin, 719 F.3d 857, 863 n.5 (8th Cir. 2013) (quoting Minn. Supply Co. v. Raymond Corp., 472 F.3d 524, 534 (8th Cir. 2006)).

We find that this offense cannot be committed recklessly. The statute requires that the defendant "inflict" bodily injury. We addressed the use of the word "inflict" in Malloy. 614 F.3d at 860. "'Inflict' means 'to cause or carry out by aggressive action, as physical assault.'" Id. (quoting Webster's II New College Dictionary 568 (2001)). Thus, the word "inflict" "cover[s] only active interference." Id. (internal quotations omitted). The defendant in Malloy suggested that a person could be convicted if he fled from a police officer on foot and the police officer fell and bruised his knee. Id. We rejected that hypothetical scenario because "it [could not] be said that the fleeing defendant 'caused' the chasing officer to fall or 'carried out' the fall 'by aggressive action.'" Id. Because "inflict" requires "aggressive action," it is "difficult, if not impossible to imagine how the charged conduct could be carried out without actually using physical force against the person of another." Id. (internal quotations omitted).

The Iowa Court of Appeals has similarly held that the word "inflict" requires a level of active and intentional conduct. That court has held that the word "inflict," as used in § 719.1(1), means "to deal out or mete out (something punishing or burdensome); impose." State v. Dudley, No. 11–0413, 2012 WL 170738, at *4 (Iowa Ct. App. Jan. 19, 2012) (unpublished) (quoting The American Heritage College Dictionary, 712 (4th ed. 2004)). This definition, the court held, "connotes an intentional, directed action on the part of the actor." Id. "[I]n more legal terms," the word "inflict" requires that the action "directly, not merely proximately, cause the injury." State v. Jackson, No. 13–1105, 2014 WL 3747680 at *3 (Iowa Ct. App. Jul. 30, 2014) (unpublished). It is not sufficient for the defendant's action to merely "result in" bodily injury. Dudley 2012 WL 170738, at *4.

Mr. Kent argues that this offense can be committed recklessly. He presents the hypothetical example of a person who, while fleeing from law enforcement, knocked a bystander to the ground and caused bodily injury. Mr. Kent argues that this person would be guilty of interference with official acts inflicting bodily injury. We disagree because Mr. Kent's hypothetical is not distinguishable from <u>Dudley</u>. In <u>Dudley</u>, a police officer suffered an injury when he tackled a fleeing suspect off a bicycle. 2012 WL 170738 at *1. The Iowa Court of Appeals vacated Dudley's conviction because, it held, the prosecution "was required to show some affirmative action by Dudley directed at the officer." <u>Id.</u> at *5. In that case, the evidence did not show Dudley directed any act toward the person injured—it showed only that his resistance <u>resulted</u> in bodily injury. Therefore, Dudley did not "inflict" bodily injury and could not be convicted. The same would be true in Mr. Kent's proposed hypothetical. Although the flight would "result" in the bystander's injury, it would not be an "affirmative action" directed at the bystander. It would, therefore, not satisfy the "inflicting" element of interference with official acts inflicting bodily injury.

Interference with official acts inflicting bodily injury, in violation of Iowa Code § 719.1 requires that the defendant "inflict" bodily injury through "intentional, directed action." It requires that "the perpetrator direct his action at, or target, another individual." <u>Borden</u>, 141 S. Ct. at 1825. Reckless conduct is not sufficient. Because interference with official acts inflicting bodily injury cannot be committed recklessly, the Supreme Court's decision in <u>Borden</u> has not abrogated <u>Malloy</u>. Interference with official acts inflicting bodily injury is a crime of violence under the force clause. Mr. Kent, therefore, qualifies as a career offender under U.S.S.G. § 4B1.1.

### III.

Because we have found that interference with official acts causing bodily injury is a crime of violence, we do not need to resolve the issue of whether Mr. Kent's conviction for domestic abuse assault, second offense, is a crime of violence. Mr. Kent qualifies as a career offender. We affirm.

_____