# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2187
_____

United States of America,

*Plaintiff - Appellee,*

v.

Dreshon Rene Frazier,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 14, 2022
Filed: September 9, 2022

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Dreshon Frazier appeals a sentence of 240 months' imprisonment imposed by the district court after he was convicted of a drug trafficking offense and two firearms offenses. The district court determined that Frazier was a career offender under the sentencing guidelines, *see* USSG § 4B1.1(a), and calculated his advisory sentencing range accordingly. On appeal, Frazier challenges the career-offender determination.

In light of intervening authority, we conclude that one of Frazier's prior felony convictions does not qualify as a crime of violence under the guidelines, and that he is not properly classified as a career offender based on that conviction. Therefore, we vacate Frazier's sentence and remand for resentencing.

Under the so-called "force clause" of the career-offender guideline, a state felony conviction qualifies as a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG §§ 4B1.1(a), 4B1.2(a). To make that determination, we must apply the categorical approach and consider whether all of the acts made criminal by the offense, including the least culpable, would satisfy the force clause. *See United States v. Kent*, 44 F.4th 773, 774 (8th Cir. 2022).

Frazier's challenge concerns the offense of Intimidation with a Dangerous Weapon under Iowa law. The provision at issue states:

> A person commits a class "D" felony when the person shoots, throws, launches, or discharges a dangerous weapon at, into, or in a building, vehicle, airplane, railroad engine, railroad car, or boat, occupied by another person, or within an assembly of people, and thereby places the occupants or people in reasonable apprehension of serious injury or threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out.

Iowa Code § 708.6(2). The statute encompasses two alternatives: a first in which the offender acts with respect to a building or other enumerated location, and a second in which the offender "threatens to commit such an act." The record shows that Frazier was convicted under the "threatens" alternative.

The government contends that the alternatives in § 708.6(2) constitute two separate offenses, and that we should therefore consider only the "threatens"

alternative under which Frazier was convicted. We will assume for the sake of analysis that this is correct. Frazier's offense of making a threat by itself does not require the use of force or attempted use of force, so those aspects of the force clause are inapplicable.

The question, then, is whether threatening to commit "such an act" as described in the first alternative of § 708.6(2) has as an element the threatened use of physical force against the person of another. The act that must be threatened is, for example, that the offender will shoot at, into, or in a building, occupied by another person, and thereby place the occupants in reasonable apprehension of serious injury. The first alternative of § 708.6(2) has been applied where a defendant said that he wanted to kill himself and then shot a gun into the floor of a bedroom while his wife was in another room. *State v. Gregersen*, No. 16-0883, 2017 WL 936149 (Iowa Ct. App. Mar. 8, 2017). In another case, a defendant was convicted after firing a gun from the kitchen of his home through a door toward the outside, while his fiancée was in a bedroom. *State v. Hopper*, No. 15-1855, 2017 WL 936085 (Iowa Ct. App. Mar. 8, 2017). In both cases, an offense occurred because the defendant's shooting placed the other occupant in reasonable apprehension of serious injury, even though the force was not directed at her. Frazier's offense under the "threatens" alternative thus encompasses threatening to commit such acts as those that led to convictions in *Gregersen* and *Hopper*.

The district court concluded that Frazier's offense was a crime of violence under the force clause based on *United States v. Langston*, 772 F.3d 560 (8th Cir. 2014) (per curiam), *vacated on other grounds*, 576 U.S. 1080 (2015), *reinstated in part*, 795 F.3d 923 (8th Cir.) (per curiam), *vacated on other grounds*, 800 F.3d 1004 (8th Cir. 2015) (per curiam). *Langston* said that a violation of § 708.6 requires "the use of force, threat, or intimidation," and that a violation "necessarily requires violent force." *Id*. at 562-63. The opinion is brief, but it apparently reasoned that where an offender does not actually use or attempt to use force against another person, the

firing of a gun at, into, or in a building amounts to a "threatened use of physical force against the person of another" if the shooting places an occupant in reasonable apprehension of serious injury.

The conclusion in *Langston* must be reconsidered in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), which was decided after the sentencing in this case. *Borden* concerned the force clause of 18 U.S.C. § 924(e); the text of the force clause under the sentencing guidelines is identical, and we see nothing in the commentary or elsewhere to suggest that it would be interpreted differently. *See United States v. Vinton*, 631 F.3d 476, 484 (8th Cir. 2011). The upshot of *Borden* is that a crime committed with a *mens rea* of recklessness does not involve "the use, attempted use, or threatened use of physical force against the person of another." A plurality reasoned that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual." *Borden*, 141 S. Ct. at 1825 (plurality opinion). Because "[r]eckless conduct is not aimed in that prescribed manner," offenses committed with a reckless mental state do not have as an element the use of force. *Id.* An opinion concurring in the judgment concluded that the phrase "use of physical force" applies "only to intentional acts designed to cause harm," and thus does not encompass recklessness. *Id.* at 1835 (Thomas, J., concurring in the judgment) (internal quotation omitted).

Examining § 708.6(2) in light of *Borden* shows that a violation of the Iowa statute does not satisfy the force clause. The "threatens" alternative requires proof that the defendant threatened to commit an act specified in the first alternative. The first alternative—applicable where a defendant shoots in a building and thereby places another in fear—is a general intent crime. *State v. Johnson*, 534 N.W.2d 118, 126-27 (Iowa Ct. App. 1995). As such, there is no requirement that the defendant subjectively desire the prohibited result; he need only intend to commit the prohibited act. *See Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 417 (Iowa 1997). In other words, a defendant may violate § 708.6(2) without knowingly or intentionally placing

an occupant in reasonable apprehension of serious bodily injury. It is sufficient, for example, if the defendant intentionally fires a gun inside a building, but only recklessly causes an occupant to fear serious injury. Before *Borden*, our decision in *Langston* apparently concluded that recklessly placing an occupant in reasonable apprehension of serious injury was sufficient to constitute a threatened use of force.

After *Borden*, a reckless action is insufficient to constitute a use, attempted use, or threatened use of physical force against another. Therefore, a violation of the first alternative under § 708.6(2)—shooting in a building, and thereby placing an occupant in reasonable apprehension of serious injury—is not a crime of violence. The offense does not require that the defendant knowingly or intentionally target the person of another with force or threatened force.

The government argues that the "threatens" alternative of § 708.6(2) still qualifies as a crime of violence after *Borden*, because a threat must be intentional. But the question under the force clause is not simply whether the defendant made an intentional threat, but whether the defendant threatened the use of physical force against the person of another. As discussed, the acts proscribed under the first alternative of § 708.6(2) do not constitute a use, attempted use, or threatened use of force against the person of another. Threatening to commit an act that does not satisfy the force clause likewise does not satisfy the force clause, even if the threat itself is intentional. The best evidence of Iowa law also suggests that the "threatens" alternative does not require proof that the offender's threat itself placed someone "in reasonable apprehension of serious injury." *In re E.B.*, No. 17-0651, 2018 WL 1099480, at *2 (Iowa Ct. App. Feb. 21, 2018).

Accordingly, we conclude that Frazier's violation of § 708.6(2) does not have as an element the use, attempted use, or threatened use of force against the person of another. The offense thus does not qualify as a crime of violence under USSG

§ 4B1.2(a)(1).  As a result, Frazier does not qualify as a career offender under the guidelines based on that conviction.

The sentence imposed by the district court is vacated, and the case is remanded for resentencing.  Frazier's request for judicial notice is granted.

_____