# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2816

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jaryous Cooper

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Eastern

——————————

Submitted: June 12, 2023
Filed: November 7, 2023
[Unpublished]

——————————

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Jaryous Cooper pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 120 months' imprisonment, to be followed by 3 years' supervised

———————————————

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

release. Cooper appeals, challenging the calculation of his offense level under the United States Sentencing Guidelines (USSG) and the substantive reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

On March 6, 2021, Cooper was driving in Waterloo, Iowa, when law enforcement initiated a traffic stop of his vehicle. Cooper pulled over but did not put the vehicle in park. As the officer approached, Cooper drove away. The officer returned to his squad car, activated his emergency lights and siren, and pursued Cooper through the city in a high-speed chase. At some point during the pursuit, Cooper tossed a loaded firearm out of his car window. Cooper eventually crashed into a tree, fled on foot, and was apprehended a short time later. Officers found the firearm along the route. Cooper later admitted this firearm was the gun he threw from his vehicle during the pursuit.

Cooper pleaded guilty. At sentencing, the district court calculated his base offense level to be 26, in part because it found Cooper had previously sustained at least two prior felony convictions for either a crime of violence or a controlled substance offense. See USSG § 2K2.1(a)(1) (2021). As relevant on appeal, the court also imposed a four-level enhancement for Cooper's possession of 8 to 24 firearms. USSG § 2K2.1(b)(1)(B). With a total offense level 33 and a criminal history category IV, Cooper's advisory Guidelines range was 188 to 235 months of imprisonment, which was lowered to 120 months because the statutory maximum sentence was 10 years.

## II.

On appeal, Cooper contends that the district court erred in calculating his base offense level. Because Cooper did not object to this calculation at sentencing, we review his argument for plain error. See United States v. Price, 851 F.3d 824, 826 (8th Cir. 2017) (per curiam). On plain error review, Cooper "must show (1) an error,

(2) that is plain, and (3) that affects his substantial rights." <u>United States v. Coleman</u>, 961 F.3d 1024, 1027 (8th Cir. 2020) (citing <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993)). "We will exercise our discretion to correct such an error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" <u>Id.</u> (quoting <u>Olano</u>, 507 U.S. at 736).

Cooper alleges two errors in the calculation of his base offense level. First, he argues that his 2019 conviction for felony Possession of Marijuana with Intent to Distribute, in violation of Iowa Code § 124.401(1)(*d*) (2019), does not qualify as a controlled substance offense for purposes of § 2K2.1(a)(1) because the Iowa statute is overbroad. He concedes, however, that this argument is foreclosed by our precedent. <u>See</u> <u>United States v. Bailey</u>, 37 F.4th 467, 470 (8th Cir. 2022) (per curiam), <u>cert. denied</u>, 143 S. Ct. 2437 (2023) (concluding the defendant's "prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses" (quoting <u>United States v. Jackson</u>, No. 20-3684, 2022 WL 303231 (8th Cir. Feb. 2, 2022) (per curiam))). The district court did not err in finding Cooper's prior marijuana conviction was a qualifying offense under § 2K2.1(a)(1).

Second, Cooper argues that his prior conviction for Intimidation with a Dangerous Weapon, in violation of Iowa Code § 708.6 (2018),[2] does not qualify as a crime of violence for purposes of § 2K2.1(a)(1). "[A] state felony conviction qualifies as a 'crime of violence' if it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" <u>United States v. Frazier</u>, 48 F.4th 884, 885 (8th Cir. 2022) (quoting USSG §§ 4B1.1(a), 4B1.2(a)). "After <u>Borden v. United States</u>, a crime of violence . . . requires a mens rea greater than recklessness—e.g., knowledge or intent." <u>United States v. Lopez-Castillo</u>, 24 F.4th 1216, 1219 n.2 (8th Cir. 2022) (citing <u>Borden v. United States</u>, 141 S. Ct. 1817,

---

[2]In 2018, after Cooper committed a class "C" felony offense of Intimidation with a Dangerous Weapon Iowa, Iowa amended § 708.6 by identifying the class "C" felony as subsection (1) and the class "D" felony as subsection (2). The language of the statute otherwise remained the same.

1834–35 (2021)). In Frazier, we held that a class "D" felony conviction for Intimidation with a Dangerous Weapon under § 708.6(2) is not a crime of violence under the Guidelines because an offense under this provision can be committed recklessly, without knowledge or intent. See 48 F.4th 884, 887 (8th Cir. 2022) ("[A] defendant may violate § 708.6(2) without knowingly or intentionally placing an occupant [of a building] in reasonable apprehension of serious bodily injury.").

But Cooper was convicted of class "C" felony Intimidation with a Dangerous Weapon in violation of § 708.6. The class "C" felony is a specific intent crime because it requires a person to act "with the intent to injure or provoke fear or anger in another." § 708.6. Unlike the class "D" felony, which was at issue in Frazier, reckless conduct is insufficient to constitute a class "C" felony Intimidation with a Dangerous Weapon and thus does not present the same Borden problem. The district court did not plainly err in finding that Cooper's prior conviction for Intimidation with a Dangerous Weapon is a crime of violence for purposes of § 2K2.1(a)(1). See United States v. Dixon, 27 F.4th 568, 569 (7th Cir. 2022) (concluding that intentionally placing someone in reasonable fear of serious injury under Iowa Code § 708.6(1) "necessarily includes a 'threatened use of physical force,' which is sufficient for the crime to qualify as a crime of violence under the Guidelines.").[3]

### III.

Next, Cooper argues that his sentence is substantively unreasonable. We review such challenges "under a 'deferential abuse-of-discretion standard.'" United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014) (quoting United States v.

---

[3]At sentencing, Cooper also lodged an objection to the four-level enhancement for the number of firearms involved under § 2K2.1(b)(1)(B). The district court determined it was unnecessary to rule on the objection as part of the sentencing hearing because Cooper's advisory Guidelines range would be above the statutory maximum sentence regardless of whether the enhancement applied. Cooper seeks a remand for additional fact finding on this issue only if we conclude that the district court plainly erred in calculating his base offense level. Because we conclude that the court did not, we need not address this argument further.

Beasley, 688 F.3d 523, 535 (8th Cir. 2012)). This review is "narrow and deferential." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). "A district court abuses its discretion 'when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014) (quoting United States v. Robison, 759 F.3d 947, 950–51 (8th Cir. 2014)).

At sentencing, Cooper sought a downward variance, arguing that being raised in poverty with an absent father had a significant influence on his life's trajectory; that he had suffered behavioral and emotional disorders from an early age; that he was only 19 years old at the time of the instant offense; and that his offense did not involve actual violence. See 18 U.S.C. § 3553(a)(1), (2). On appeal, he argues that a 120-month sentence—the statutory maximum sentence the district court could impose—is greater than necessary under the circumstances. This is particularly so, he asserts, in light of his guilty plea and his willingness to accept responsibility for his conduct.

The district court considered these factors, but exercised its discretion to weigh them differently. See United States v. Johnson, 916 F.3d 701, 703 (8th Cir. 2019) ("[A sentencing] court has 'wide latitude' to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others." (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009))). The court recognized Cooper's guilty plea and his post-arrest admissions to law enforcement officers as mitigating factors. It also acknowledged Cooper's childhood experiences and mental health history, but it disagreed that those factors supported a lower sentence. It called Cooper's offense conduct "highly aggravating" and "incredibly dangerous," and it emphasized the risks associated with a high-speed chase that included throwing a loaded firearm out a car window in a residential neighborhood. In addition, the court viewed Cooper's criminal history, involving similar conduct, as "troubling." Here, the district court placed significant weight on the nature and circumstances of the

offense and the need to protect the public, expressing concern that Cooper had "not [been] deterred by the criminal justice system" and that he was at high risk of reoffending. The district court adequately weighed the § 3553(a) factors when imposing sentence, and we find no abuse of discretion.

IV.

We affirm the judgment of the district court.

_____